■ WILLIAM P. SEMON et al., Appellants, v. CHASOL CONSTRUCTION CORPORATION et al., Defendants, and MIRACLE REALTY INC., et al., Respondents. — In an action for a mandatory injunction which would direct the removal of encroachments on land, and for recovery of damages, the appeal is from so much of a judgment entered after trial before an Official Referee as dismissed the complaint as against respondents. Respondents in bringing the rear portions of their lots up to legal grade filled in the land with earth. Appellants' land adjoins respondents' lots. The amended complaint charges that in making their improvements respondents deposited some of the fill on a portion of appellants' land, and that the encroaching earth provides physical support for respondents' premises, and that there is thus an unlawful trespass which continues. The Referee found that the evidence did not establish either a willful or an unintentional trespass by respondents. He held that, if a trespass was committed by respondents' independent contractors, respondents are not liable therefor in the absence of proof that they directed the trespass or that it was necessary for the contractors to go upon appellants' land in order to complete the contract, citing *Murdfelt* v. *New York, West Shore & Buffalo Ry. Co.* (102 N. Y. 703, opinion in 7 N. E. 404) and *Ketcham* v. *Newman* (141 N. Y. 205). The Referee also found that there was an absence of such proof. The Referee further held that the granting of a mandatory injunction is discretionary and that the total facts do not warrant the granting of an injunction, citing *Lexington & Fortieth Corp.* v. *Callaghan* (281 N. Y. 526, 531). Judgment insofar as appealed from unanimously affirmed, with costs. No opinion. Present — Nolan, P. J., Beldock, Murphy, Ughetta and Hallinan, JJ.