■ M. C. D. CARBONE, INC., Respondent, v TOWN OF BEDFORD, Appellant. — In an action to recover damages for trespass to real property, defendant appeals from a judgment of the Supreme Court, Westchester County (Leggett, J.), dated November 24, 1980, which awarded plaintiff the principal sum of $69,000 as compensatory damages and $99,000 as punitive damages, upon a jury verdict. Judgment modified, on the law and in the interest of justice, by deleting the provision awarding punitive damages. As so modified, judgment affirmed, without costs or disbursements, and matter remitted to the Supreme Court, Westchester County, for entry of an amended judgment which shall include interest awarded in conformity with CPLR 5001. Upon our review of the record, we find that there is sufficient evidence to support the jury's determination that the defendant unreasonably collected surface waters and emptied them onto plaintiff's property by the artificial means of pipes and ditches which constitutes an actionable trespass (see *Kossoff v Rathgeb-Walsh, Inc.,* 3 NY2d 583, 589-590; *Bohemian Brethren Presbyt. Church v Greek Archdiocesan Cathedral,* 94 Misc 2d 841, affd 70 AD2d 538; *Grosso v Long Is. Light. Co.,* 102 Misc 2d 916; *Holmes v State of New York,* 32 Misc 2d 1077). While the award of compensatory damages is not excessive, because punitive damages may not be assessed against a municipality (*Sharapata v Town of Islip,* 82 AD2d 350, affd 56 NY2d 332), that portion of the judgment which awarded punitive damages should be deleted irrespective of defendant's failure to object. Inasmuch as a successful plaintiff is entitled as a matter of right to an award of interest in a trespass action from the time the cause of action accrued (CPLR 5001; Siegel, NY Prac, § 411, pp 544-545; *Flamm v Noble* 296 NY 262, 268; *Adler v Pilot Inds.,* 192 Misc 774), the case should be remitted to the Supreme Court, Westchester County, so that an amended judgment may be entered fixing interest in the statutory manner (see *Wilcoxon v Sun Oil Co.,* 49 Misc 2d 589). Titone, J. P., Gibbons, O'Connor and Rubin, JJ., concur.

■ KATHRYN MONAHAN, Appellant, v HARRY GILLIGAN et al., Respondents. — In a negligence action to recover damages for personal injuries, plaintiff appeals from (1) an order of the Supreme Court, Westchester County (Cerrato, J.), entered February 26, 1982, which denied her motion to set aside a jury's verdict and (2) a judgment of the same court, dated March 30, 1982, which dismissed her complaint, upon said jury's verdict. Appeal from the order dismissed (see *Matter of Aho,* 39 NY2d 241, 248). Judgment affirmed. Defendants are awarded one bill of costs. The facts in this case do not warrant a charge of *res ipsa loquitur* and we find no merit to appellant's other contentions. Mollen, P. J., Weinstein, Brown and Boyers, JJ., concur.