■ PROPERTY OWNERS ASSOCIATION OF HARBOR ACRES, INC., Respondent-Appellant, v JAMES YING, Defendant and Third-Party Plaintiff-Appellant-Respondent. MATTHEW CORINALDESI et al., Third-Party Defendants-Respondents.—In an action pursuant to RPAPL 861, the defendant third-party plaintiff appeals from a judgment of the Supreme Court, Nassau County (DiPaola, J.), entered May 8, 1986, which is in favor of the plaintiff and against him in the principal sum of $123,000, and dismisses his third-party complaint, and the plaintiff cross-appeals, as limited by its brief, from so much of the same judgment as failed to award prejudgment interest.

Ordered that the judgment is modified by adding thereto a provision awarding prejudgment interest from July 16, 1979; as so modified the judgment is affirmed, with one bill of costs payable to the plaintiff and third-party defendants appearing separately and filing separate briefs, and the matter is remitted to the Supreme Court, Nassau County, for entry of an appropriate amended judgment.

Just prior to July 1979 the defendant James Ying contacted Augustino D'Alonzo, a landscape contractor, with regard to performing work on Ying's property. D'Alonzo, who was familiar with the area around Ying's home, informed Ying that the

property which he wanted cleared belonged to the plaintiff. Ying advised D'Alonzo "Don't worry about it" but D'Alonzo refused to perform the work. Shortly thereafter, in early July, Ying engaged the services of another landscape contractor, doing business as Port Washington Nursery. Ying informed him that he owned the property in question and actually pointed out the trees he wished to have removed. Thereafter, on Ying's instructions, Port Washington Nursery's workers cleared most of the property which prior to July 1979 had been a densely wooded area.

The plaintiff subsequently commenced this action pursuant to RPAPL 861 demanding treble damages as part of the award. At the trial experts testified as to the method and cost of restoring the property to its original condition. The defendant, contending that diminution in value was the proper measure of damages, sought to have his expert give testimony to that effect. The court refused to take this testimony because in determining the value of the property the expert had not taken into account the loss of the trees and other vegetation thereon. In its decision the court found that the defendant alone was liable for the damage to the plaintiff's property since he had directed the third-party defendants to perform work there. The court placed the cost of restoring the property to its original condition at $41,000 and awarded treble damages because the defendant had failed to prove that his trespass was the result of a "casual" and "involuntary" act.

The defendant contends that the court erred in not allowing his expert to give testimony as to the diminution of value of the property. While it is a "long-established rule that the proper measure of damages for permanent injury to real property is the lesser of the decline in market value and the cost of restoration", the burden is on the defendant, "to prove that a lesser amount than that claimed by plaintiff will sufficiently compensate for the loss" (*Jenkins v Etlinger*, 55 NY2d 35, 39; *Benavie v Baker*, 72 AD2d 541; *Hartshorn v Chaddock*, 135 NY 116). In determining the value of the plaintiff's property the defendant's expert did not consider the most important factor (i.e., the removal of the trees). Therefore any testimony he gave would have been irrelevant in deciding how the removal of the trees had affected the value of the property. Moreover the defendant did not challenge the ruling of the court on this issue and therefore has not preserved this issue for review.

The court's decision to award treble damages was proper since RPAPL 861 (2) (a) provides that where a plaintiff is

awarded "any damages, he is entitled to judgment for treble the sum so awarded" unless there is an affirmative finding that the "injury, for which the action was brought, was casual and involuntary". The burden is on the defendant to prove that the trespass was casual and involuntary and "the result of good-faith negligence" (*Whitaker v McGee*, 111 AD2d 459, 461). Contrary to the defendant's assertions, the evidence herein was overwhelming that the injury was caused by the defendant's intentional and willful actions. Since the defendant told Port Washington Nursery that he owned the subject property and directed it to remove the trees thereon the court was correct in dismissing the third-party complaint and holding the defendant fully liable for the damage (*see, Whitaker v McGee, supra*, at 462; *Horn v State of New York*, 31 AD2d 364, 366; *Semon v Chasol Constr. Corp.*, 7 AD2d 1009).

The plaintiff is entitled to prejudgment interest since pursuant to CPLR 5001 (a) the sum awarded was because of an "act * * * depriving or otherwise interfering with title to, or possession or enjoyment of, property". Since the record reveals that the cause of action accrued on July 16, 1979, interest should be awarded as of that date. Bracken, J. P., Kunzeman, Spatt and Sullivan, JJ., concur.