■ RAYMOND CUNNINGHAM et al., Respondents, v ERNEST W. BRISCHKE, Appellant.—Casey, J. Appeal (transferred to this court by order of the Appellate Division, Second Department) from a judgment of the Supreme Court (Hickman, J.), entered January 30, 1989 in Orange County, upon a verdict rendered in favor of plaintiffs.

Plaintiffs and defendant are adjoining property owners in the City of Middletown, Orange County. A row of 24 hemlock trees runs along plaintiffs' side of the property line. Plaintiffs' complaint alleges that defendant went onto plaintiffs' property, without permission, and "cut down, mutilated, despoiled, girdled and carried off wood" from the 24 hemlock trees. The first cause of action alleges that defendant's conduct was willful; the second, that the conduct was careless and negligent. The complaint further seeks treble damages pursuant to RPAPL 861. Defendant generally denied the allegations of the complaint and affirmatively alleged that he had cut and trimmed only those portions of plaintiffs' trees that extended onto his property and that the damage to the trees was caused by plaintiffs' own culpable conduct. After discovery, which included an examination before trial, plaintiffs moved for summary judgment. Supreme Court granted plaintiffs' motion on the issue of liability and ordered a trial on the issue of damages.

This order was not appealed and the matter proceeded to trial for a damage assessment. At the close of the proof, defendant requested Supreme Court to submit for the jury's consideration the issue of whether defendant's conduct was willful or merely negligent. Supreme Court denied defendant's request, stating that defendant's conduct had been implicitly determined to have been intentional in the prior grant of plaintiffs' motion for summary judgment and the facts and circumstances presented at the trial of damages did not warrant the requested instruction. On the issue of damages, Supreme Court instructed the jury that the measure of damages was the cost of restoring the property to its former condition.

During their deliberations, the jury requested an instruction on punitive damages even though this issue had not been charged. Although the record is not clear how this request was answered, Supreme Court apparently indicated that punitive damages were inapplicable, as a matter of law. The jury awarded plaintiffs $16,000. Defendant moved to set aside the verdict. His motion was denied and Supreme Court then entered judgment tripling that award pursuant to RPAPL 861, together with prejudgment interest from August 31, 1984. Defendant has appealed.

The gist of RPAPL 861 is that the award of damages in an action brought under that section should be tripled unless the jury finds affirmatively that the injury was "casual and involuntary" or committed by a defendant who "had probable cause to believe that the land was his own" (RPAPL 861 [2] [a]). The burden of proving these considerations is on the defendant (*Property Owners Assn. v Ying*, 137 AD2d 509, 511). In the instant case the issues of involuntariness and good-faith negligence were hotly contested and testimony was offered on both sides of the issues. Defendant requested Supreme Court to submit the issues to the jury. The court refused.

This refusal constituted error in our view. Contrary to the decision of Supreme Court, a finding of "intentional" was not implicit in the determination of plaintiffs' motion for summary judgment. Liability under RPAPL 861 (1) may be established regardless of intent, but where the evidence is disputed and before treble damages are awarded, there must be a determination of whether a defendant's conduct was casual and involuntary and the result of good-faith negligence or whether he had probable cause to believe he was on his own land (RPAPL 861 [2] [a]; *see, Buholtz v Rochester Tel. Corp.,* 40 AD2d 283, 288, *appeal dismissed* 33 NY2d 939). Since that

determination was never made by the jury, Supreme Court erred in trebling the jury's award of single damages, and the matter must be remitted to have this issue determined by the jury.

As to the amount of $16,000, which the jury awarded as single damages, we find such amount fully supported by the testimony of plaintiffs' expert and appropriate in the circumstances. Thus, contrary to defendant's contention, we find no reason to disturb the amount of $16,000 as awarded by the jury for single damages. The standard on which this amount was based was charged by Supreme Court as the cost of replacing the damaged trees. No exception was taken by defendant to this charge, nor did defendant offer any proof that plaintiffs were entitled to any lesser amount. In these circumstances the charge cannot be considered erroneous.

Inasmuch as defendant's intent must be factually determined in a new trial limited to the issue of treble damages, it is necessary that we vacate the amount of prejudgment interest awarded to plaintiffs. We add, however, that the rule in the Second Department, where this case arose, requires that prejudgment interest from August 31, 1984, the date of accrual of the cause of action, be added to the entire amount of the judgment that plaintiffs obtain (see, Property Owners Assn. v Ying, supra).

We have considered the other errors that defendant argues, including his claim that Supreme Court should have notified counsel and issued a clarifying instruction in answer to the jury's unexpected question of punitive damages, and find such argument unpersuasive. The verdict of $16,000 was fully supported by the testimony of plaintiffs' expert and did not reflect any element of punitive damages. Accordingly, the judgment appealed from should be modified by reversing so much thereof as awarded treble damages and prejudgment interest, and the matter should be remitted to Supreme Court for a new trial on the issue of the nature of defendant's conduct.

Judgment modified, on the law, without costs, by reversing so much thereof as awarded treble damages and prejudgment interest to plaintiffs; matter remitted to the Supreme Court for further proceedings not inconsistent with this court's decision; and, as so modified, affirmed. Mahoney, P. J., Casey, Mikoll, Yesawich, Jr., and Levine, JJ., concur.