■ SUSAN HOLLENBECK, Respondent, v WILBUR H. GENUNG et al., Appellants. [603 NYS2d 353] —Casey, J. Appeal from a judgment of the Supreme Court (Rose, J.), entered November 22, 1991 in Tioga County, upon a decision of the court in favor of plaintiff.

The parties to this action are adjoining landowners. Plaintiff seeks to recover damages pursuant to RPAPL 861 for timber trespass. Defendants concede that they cut 12 trees along the boundary line, but they claim that all 12 trees were on their property. After a nonjury trial, Supreme Court found that although nine of the trees were on defendants' property, three of the trees were on the property line. These property line trees were the property of the parties as tenants in common

*(see, Dubois v Beaver,* 25 NY 123) and Supreme Court concluded that defendants were liable to plaintiff for one half of the value of the trees. Supreme Court also concluded that plaintiff was entitled to treble damages pursuant to RPAPL 861 (2). Defendants appeal from the judgment.

We reject defendants' contention that Supreme Court erred in its finding as to the location of the three property line trees. Based upon our review of the record, including the photographs and video tape evidence presented by the parties, we conclude that Supreme Court's finding that the trees were located on the property line is supported by the record. As to the issue of damages, plaintiff's expert testified concerning the value of the trees cut by defendants, including two of the three trees which were found to be on the property line. According to the expert, replacement costs would be higher than the figures he provided. In view of defendants' failure to present any proof that a lesser amount would adequately compensate plaintiff for the loss, Supreme Court properly relied upon the measure of damages presented by plaintiff *(see, Jenkins v Etlinger,* 55 NY2d 35, 39). There is no merit in defendants' contention that the amount of plaintiff's equity in the property is relevant to the issue of the damages caused by defendants' destruction of the trees.

As to the issue of treble damages, plaintiff is entitled to a judgment awarding her three times the amount of the actual damages unless defendants' conduct was casual and involuntary or defendants had probable cause to believe that the land was their own (RPAPL 861 [2] [a]), and defendants bore the burden of proof on this issue *(see, Cunningham v Brischke,* 167 AD2d 604, 605). It is clear from the evidence that defendants intentionally cut the trees as part of their effort to clean up the area near the boundary line. Nevertheless, defendants have steadfastly maintained that the trees were on their side of the property line. It is undisputed that the property line was marked by reference to an old fence, but very little of the old fence remained when defendants cut the trees. Most of the fence posts were either missing or had fallen down. Pieces of barbed wire were attached to or embedded in some of the trees on the line, including one or two of the trees cut by defendants. Defendants believed that these two trees were on their side of the line because the barbed wire was attached to the back of the trees toward plaintiff's property.

For the purposes of RPAPL 861 (2) (a), a trespass is involuntary if the trespasser acted in a good-faith reasonable belief in

his right to harvest the trees and whether defendants so acted is necessarily a matter peculiarly within their own knowledge (see, Whitaker v McGee, 111 AD2d 459, 461-462; see also, Cunningham v Brischke, supra, at 605-606). Defendants came forward with a viable explanation for their belief that they had a right to harvest the trees and thereby met their burden of establishing that the trespass was the result of good-faith negligence (cf., Whitaker v McGee, supra). In hindsight, defendants could have avoided the problem by having a surveyor mark the property line or by obtaining plaintiff's consent before the trees were cut, but their failure to do so was, in our view, the result of negligence and not recklessness.

Yesawich Jr., J. P., Mercure, Crew III and White, JJ., concur. Ordered that the judgment is modified, on the law and the facts, without costs, by reducing the amount of plaintiff's award to $4,052, together with $181.13 in prejudgment interest and $945 in costs and disbursements, for a total of $5,178.13, and, as so modified, affirmed.