■ DAVID W. AXTELL et al., Respondents, v RICHARD J. KUREY, Appellant, et al., Defendants. [634 NYS2d 847] —White, J. Appeal from a judgment of the Supreme Court (Monserrate, J.), entered January 6, 1995 in Broome County, upon a decision of the court in favor of plaintiffs against defendant Richard J. Kurey.

Defendant Richard J. Kurey (hereinafter defendant) and

plaintiffs own adjoining heavily wooded parcels of property in the Town of Windsor, Broome County. In the summer of 1990, defendant asked Robert Coughlin, a sawmill operator, if he would be interested in purchasing some trees from him. Coughlin accompanied defendant to defendant's property where defendant pointed out the trees he was offering to sell. After Coughlin reviewed the property lines, he told defendant he was not interested in purchasing the trees because he did not think they were on defendant's property. In October 1990, defendant Kenneth Westfall, a forester, contacted defendant to explore the possibility of marketing some of defendant's timber. Thereafter , the parties entered into a "Timber Marketing Agreement" wherein Westfall agreed to act as defendant's agent for a 10% commission. Pursuant to the agreement, defendant identified his property line for Westfall and included within the property line were the same trees defendant offered to sell to Coughlin. After Westfall completed marking 350 to 400 trees for cutting, defendant Wagner Lumber, Inc. contracted with defendant to purchase them for $5,000. Although this contract was signed in November 1990, the trees were not cut until September 1991 and it is undisputed that approximately 95% of the trees cut were located on plaintiffs' property.

When plaintiffs discovered this fact, they commenced this lawsuit setting forth, *inter alia*, a cause of action pursuant to RPAPL 861. At the conclusion of a bench trial, Supreme Court found in plaintiffs favor against defendant and awarded them treble damages plus interest. Defendant appeals.

Whenever an individual cuts down trees without the property owner's permission, the property owner may maintain an action, pursuant to RPAPL 861, for treble damages. Defendant contends that plaintiffs cannot pursue such an action against him because he did not cut down their trees and, further, since Westfall, Wagner and the logger hired by Wagner were not his agents, he cannot be vicariously liable. Even assuming these entities were independent contractors, this does not provide defendant with an impenetrable shield for it has long been the law of this State that property owners are not protected from liability for a trespass committed by an independent contractor if they directed the trespass or such trespass was necessary to complete the contract (*see, Ketcham v Newman*, 141 NY 205, 209; *Property Owners Assn. v Ying*, 137 AD2d 509, 511; *Whitaker v McGee*, 111 AD2d 459, 462; *see also*, 3 NY Jur 2d, Agency, § 352).

In this instance, liability was properly imposed upon defen-

dant since the credible evidence shows that he designated the area from which the trees were to be cut, going so far as to direct the logger to cut 30 trees on plaintiffs' land rather than 30 on his own land. Defendant can avoid the imposition of treble damages if he establishes that his conduct was casual and involuntary (*see, Cunningham v Brischke*, 167 AD2d 604, 605; *see also*, RPAPL 861 [2] [a]). We reject defendant's argument that he was precluded from making such a showing by Supreme Court's refusal to admit a videotape he made, since the tape was clearly inadmissible inasmuch as it consists solely of defendant's self-serving statements (*see*, Richardson, Evidence § 357, at 322 [Prince 10th ed]). In any event, having been told by Coughlin that he did not own the trees, defendant's subsequent sale of them without having his property surveyed vitiates defendant's claim that his conduct was casual and involuntary (*compare, Hollenbeck v Genung*, 198 AD2d 677).

Lastly, plaintiffs were properly awarded prejudgment interest pursuant to CPLR 5001 (a) (*see, Property Owners Assn. v Ying, supra*, at 511; *see also*, 5 Weinstein-Korn-Miller, NY Civ Prac ¶ 5001.05).

For these reasons, we affirm Supreme Court's judgment.

Cardona, P. J., Mikoll, Crew III and Yesawich Jr., JJ., concur. Ordered that the judgment is affirmed, with costs.