■ ETHEL A. COTY, Appellant, v ROBERT STEIGERWALD et al., Respondents. [692 NYS2d 556] —Judgment unanimously reversed on the law without costs, verdict set aside, counterclaims dismissed and new trial granted. Memorandum: Plaintiff commenced this action when she discovered that the assets and jewelry she had entrusted to defendants over a 15-year period were gone and that approximately $291,000 in unsecured loans from defendant Cayuga Savings Bank (Bank) in plaintiff's name were outstanding. The jury awarded plaintiff damages of $1,500,000 on the causes of action for breach of fiduciary duty, conversion of property, negligent misrepresentation, and violation of the Consumer Protection Act (General Business Law § 349 [a]). However, it found plaintiff 85% at fault upon the theory that she spent excessively. The jury awarded damages of $290,931 plus interest to the Bank on its counterclaims for unjust enrichment and money had and received. Supreme Court set aside the verdict on the Bank's counterclaim for money had and received and dismissed that counterclaim.

Although we agree with defendants that comparative fault principles may be applied to a cause of action for breach of fiduciary duty (*see, Lippes v Atlantic Bank,* 69 AD2d 127, 135-

141; *see also, Arbegast v Board of Educ.,* 65 NY2d 161, 166-167), we conclude that plaintiff's excessive spending could not constitute conduct contributing to the breach of fiduciary duty, conversion of property and negligent misrepresentation by defendants. Plaintiff had no duty to avoid excessive spending, and thus the finding of comparative fault cannot stand. It appears, however, that the verdict awarding plaintiff damages in the amount of $1,500,000 improperly included an amount that the jury determined was spent for plaintiff's benefit. Thus, the judgment must be reversed, the verdict in favor of plaintiff set aside and a new trial granted.

The verdict awarding the Bank damages for unjust enrichment must also be set aside and that counterclaim dismissed. Where, as here, a party "has engaged in inequitable or unconscionable conduct connected with the matter in litigation," it is not entitled to equitable relief (*Cohn & Berk v Rothman-Goodman Mgt. Corp.,* 125 AD2d 435, 436). Plaintiff's remaining contentions are either unpreserved for our review or without merit. (Appeal from Judgment of Supreme Court, Cayuga County, Fisher, J.—Conversion.) Present—Pine, J. P., Hayes, Pigott, Jr., Scudder and Balio, JJ.