■ OLGA GOLONKA, Respondent, v PLAZA AT LATHAM, L. L. C., et al., Appellants, et al., Defendants. [704 NYS2d 703] —Spain, J. Appeal from an order of the Supreme Court (Teresi, J.), entered November 25, 1998 in Albany County, which, *inter alia,* denied (1) a motion by defendant J.C. Penney Company for summary judgment dismissing the complaint against it, and (2) a motion by defendant Plaza at Latham, L. L. C., for partial summary judgment dismissing various claims against it.

Plaintiff, an octogenarian who lives in Arizona, owns a parcel of property in the Town of Colonie, Albany County, which defendant Plaza at Latham, L. L. C.,[1] paved over and incorporated into a parking lot at the Plaza-owned Latham Circle Mall as part of an expansion project in 1987. This unauthorized action followed repeated but unsuccessful efforts dating back to August 1984 by Eugene Weiss, the chief executive officer and senior manager of Plaza (and general partner of the predeces-

1. Plaza acquired Latham Circle Mall from its predecessor in interest, Plaza at Latham Associates, a general partnership, sometime after 1987. For ease of reference, Plaza and its predecessor will be collectively referred to herein as Plaza.

sor Plaza Latham Associates), to purchase the property from plaintiff. Weiss contends that in 1986 he was advised by his now deceased attorney that Plaza had acquired the property by adverse possession, yet Weiss continued, on behalf of Plaza, to attempt to purchase the property from plaintiff until two months before construction was scheduled to begin.

In October 1987, Plaza entered into a lease with defendant J.C. Penney Company providing for a retail store to be constructed at Latham Circle Mall, which project included plans incorporating plaintiff's property as part of the expanded mall parking lot. Significantly, there is no evidence in the record to support the conclusion that J.C. Penney was aware or should have been aware that plaintiff owned a portion of the proposed parking lot expansion. Construction of the store and parking lot began in November 1987 and was completed in 1988. In 1988, Weiss directed one of his employees to inform the Town of Colonie Planning Board that Plaza was negotiating to buy the property, although he had not attempted to contact plaintiff since August 1987. In May 1988, Weiss granted utility easements across plaintiff's property to defendants Niagara Mohawk Power Corporation (hereinafter Niagara Mohawk) and New York Telephone Company (hereinafter NY Telephone) representing Plaza to be the owner of plaintiff's property.

It appears that plaintiff first learned of the encroachment in February 1997, and thereafter took action to physically reclaim her land by having an agent place stakes in the pavement to cordon off her property and paint yellow lines around the perimeter. In May 1997, plaintiff caused a notice to quit and vacate to be sent to Plaza, J.C. Penney and others. In June 1997, Plaza commenced an action against plaintiff seeking a declaration that it had acquired title to plaintiff's property by adverse possession and requesting a preliminary injunction to prevent plaintiff from blocking off part of the mall's parking lot. Plaintiff counterclaimed alleging, *inter alia*, trespass against Plaza, J.C. Penney, Niagara Mohawk and NY Telephone. Supreme Court denied Plaza's application for a preliminary injunction and for a declaration of ownership through adverse possession. As a result, plaintiff assumed the posture of plaintiff in the within action, which proceeded solely on her counterclaims. Plaza moved for partial summary judgment dismissing plaintiff's claims for punitive and treble damages and J.C. Penney moved for summary judgment dismissing the

entire complaint against it. Plaintiff cross-moved for summary judgment against all defendants.

Supreme Court partially granted J.C. Penney's motion for summary judgment by dismissing plaintiff's punitive and treble damages claims against it and denied plaintiff's cross motion. The court denied J.C. Penney's motion for dismissal of the trespass claim and also denied Plaza's partial summary judgment motion to dismiss the punitive damages and treble damages claims.[2] On Plaza and J.C. Penney's appeal, we modify Supreme Court's order, finding that J.C. Penney was entitled to summary judgment dismissing plaintiff's trespass claim and that Plaza was entitled to summary judgment dismissing plaintiff's claim for treble damages but not for the punitive damages claim.

Initially, J.C. Penney's motion for summary judgment dismissing plaintiff's sole remaining claim against it for trespass should have been granted. The lease between Plaza's predecessor and J.C. Penney—as evidenced by the 1987 "Memorandum of Lease"—granted J.C. Penney, its customers and employees the use, in common with the customers and employees of other tenants in the shopping mall, of the parking areas within the entire 40-plus acres of the mall. Although the closest retail store in the mall to plaintiff's property is the J.C. Penney store, none of the expanded parking lot—which includes plaintiff's property—is set aside for the exclusive use of any particular tenant or store's customers. Neither is there any evidence that J.C. Penney directed its customers or employees to that portion of the expanded common parking area owned by plaintiff which Plaza had paved and lined as a parking lot.

Under common-law principles, a person entering upon the land of another without permission, "whether innocently or by mistake, is a trespasser" (104 NY Jur 2d, Trespass, § 10, at 454). While physical entry by the trespasser upon another's land is not necessary, the trespasser must have at least caused or directed another person to trespass (*see, Axtell v Kurey*, 222 AD2d 804, 805, *lv denied* 88 NY2d 802; 104 NY Jur 2d, Trespass, § 28, at 471-472).

Here, although J.C. Penney was aware that the extension of the common parking lot would be convenient to its customers

---

**2.** Although Niagara Mohawk and NY Telephone remain as parties, neither is participating in this appeal.

and employees—which undoubtedly was beneficial to J.C. Penney—the record is devoid of evidence that J.C. Penney or its agents/employees ever entered upon or caused anybody to enter upon plaintiff's land (*cf., Axtell v Kurey, supra*). Proof that Plaza, through its 1987 lease with J.C. Penney, purported to make plaintiff's land available for use by J.C. Penney customers and employees in common with others is not sufficient to impose liability upon J.C. Penney as a trespasser. Thus, plaintiff's trespass claim against J.C. Penney should be dismissed.

Next, we find merit in Plaza's assertion that the facts in this case do not come within the purview of RPAPL 853—providing for treble damages for unlawful evictions—which states as follows: "If a person is disseized, ejected, or put out of real property in a forcible or unlawful manner, or, after he has been put out, is held and kept out by force or by putting him in fear of personal violence or by unlawful means, he is entitled to recover *treble damages* in an action therefor against the wrongdoer" (emphasis supplied). This statute is directed at unlawful evictions of tenants or other lawful occupants of property who have been in "actual physical possession" (*ZCWK Assocs. v Spadaro*, 233 AD2d 126, 127; *compare, Lyke v Anderson*, 147 AD2d 18; *see also, Gold v Schuster*, 264 AD2d 547, 550; *O'Hara v Bishop*, 256 AD2d 983; *Rocke v 1041 Bushwick Ave. Assocs.*, 169 AD2d 525; *Bianchi v Hood*, 128 AD2d 1007; *Sam & Mary Hous. Corp. v Jo/Sal Mkt. Corp.*, 100 AD2d 901, *affd* 64 NY2d 1107). Here, it is undisputed that plaintiff never actually possessed or occupied the property—nor was there any attempt on her part to occupy this property—at the time Plaza's encroachment commenced or at any time throughout the encroachment. Accordingly, Plaza's motion for summary judgment dismissing plaintiff's claim for treble damages under RPAPL 853 should have been granted.

However, we reject Plaza's contention that plaintiff's claim for punitive damages should also have been dismissed. "A party seeking to recover punitive damages for trespass on real property has the burden of proving that the trespasser acted with actual malice involving intentional wrongdoing, or that such conduct amounted to a wanton, willful, or reckless disregard of the party's right of possession" (*Litwin v Town of Huntington*, 248 AD2d 361, 362).

Evidence submitted by both parties establishes, among other things, that Plaza was aware that plaintiff owned the property,

that it intentionally constructed a parking lot on the property without plaintiff's knowledge or consent, that it misled the Planning Board and that it falsely represented to J.C. Penney, Niagara Mohawk and NY Telephone that it owned plaintiff's property. Accordingly, Supreme Court was fully justified in denying Plaza's summary judgment motion directed at plaintiff's punitive damages claim.

Mercure, J. P., Carpinello and Mugglin, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied the motion by defendant J.C. Penney Company for summary judgment dismissing plaintiff's trespass claim, and denied the motion by defendant Plaza at Latham, L. L. C., to dismiss plaintiff's claim under RPAPL 853 for treble damages; said motions are hereby granted and said claims are dismissed; and, as so modified, affirmed.