■ ETHEL A. COTY, Also Known as DEBORAH CARROLL, Appellant, v ROBERT STEIGERWALD et al., Respondents. [737 NYS2d 744] —Appeal from an judgment (denominated order and judgment) of Supreme Court, Cayuga County (Affronti, J.), entered July 14, 2000, which dismissed the complaint after a jury trial.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action alleging, inter alia that Robert Steigerwald (defendant) and defendant Cayuga Savings Bank (Bank) breached their fiduciary duty to her with respect to the management of her accounts. On a prior appeal, this Court set aside the verdict and granted a new trial on the ground that plaintiff's excessive spending could not constitute comparative fault (*Coty v Steigerwald*, 262 AD2d 946). In addition, we set aside the verdict awarding the Bank damages for unjust enrichment and dismissed that counterclaim on the ground that the Bank had unclean hands and thus was not entitled to equitable relief (*Coty v Steigerwald, supra* at 947).

Contrary to the contentions of plaintiff, Supreme Court properly determined upon the retrial that plaintiff had the burden of proving damages (*see, Berley Indus. v City of New*

*York*, 45 NY2d 683, 686) and, to prevent unjust enrichment, properly permitted defendants to present proof of loans made to plaintiff to the extent that they off-set plaintiff's damages (*see, Lawyers' Fund for Client Protection of State of N.Y. v Bank Leumi Trust Co.*, 94 NY2d 398, 406). Plaintiff never sought an accounting and the court properly instructed the jury that plaintiff had the burden of proving damages.

The verdict awarding plaintiff no damages is supported by a fair interpretation of the evidence (*see, Nicastro v Park*, 113 AD2d 129, 134-135). Defendants' witnesses testified that plaintiff had control over her own funds to the extent that plaintiff chose which securities to sell and/or purchase; plaintiff had access to her own savings and checking accounts and made frequent withdrawals from those accounts; plaintiff did not balance her checkbook or present her passbook each time she withdrew funds; plaintiff was warned by defendant to curb her spending but did not; and plaintiff, for her own convenience, gave defendant powers over her account to pay bills and sell securities. Further, defendants presented evidence that plaintiff received more money from the Bank than was deposited; no money from plaintiff actually benefitted defendant; and defendants suffered a financial loss through their dealings with plaintiff. Based on that evidence, it cannot be said that the jury could not have reached its verdict upon any fair interpretation of the evidence (*see, Nicastro v Park, supra* at 134). Present—Green, J.P., Pine, Hurlbutt, Kehoe and Gorski, JJ.