■ MANFRED LEGER et al., Respondents, v CENTRAL HUDSON GAS & ELECTRIC CORPORATION, Appellant. [737 NYS2d 407] —Crew III, J. Appeal from a judgment of the Supreme Court (Meddaugh, J.), entered October 17, 2000 in Sullivan County, upon a verdict rendered in favor of plaintiffs.

On April 9, 1992, plaintiffs purchased property in the Town of Neversink, Sullivan County, which was subject to an easement in favor of defendant. The easement granted defendant the right to, inter alia, enter plaintiffs' property to construct and maintain electrical transmission lines, as well as the right

to trim and remove trees in order to provide a 10-foot clearance for such transmission lines.

In August 1993, defendant contracted with Asplundh Tree Expert Company to trim and remove trees in accordance with the underlying easement. In performing that contract, Asplundh cleared a 40-foot swath along defendant's right-of-way and removed numerous mature trees. As a consequence, plaintiffs commenced the instant action against defendant asserting causes of action in trespass and negligence. Following a jury trial, plaintiffs were awarded $62,415 as damages for trespass and, based upon a finding that the trespass was not casual and involuntary, plaintiffs were awarded treble damages (*see*, RPAPL 861 [2] [a]).

While it is true, as contended by defendant, that a party who retains an independent contractor has no liability for the negligent acts of such contractor (*see, e.g., Rosenberg v Equitable Life Assur. Socy. of U.S.*, 79 NY2d 663, 668), the record here amply justifies a finding that defendant was negligent in the manner in which it instructed Asplundh to perform the work which, in turn, constitutes a well-recognized exception to the rule against the imposition of liability for the acts of an independent contractor (*see, Kleeman v Rheingold*, 81 NY2d 270, 274). We further find no merit in defendant's contention that Supreme Court erred in failing to charge the jury as to the affirmative defense of probable cause (*see*, RPAPL 861 [2] [a]). It is axiomatic that defendant was entitled to such charge only if there was evidence in the record tending to establish the elements of that defense (*see, e.g., People v Harris*, 95 NY2d 316, 319), and the record reveals that defendant provided no evidence that it had probable cause to believe that it owned the property in question.

Mercure, J.P., Spain, Carpinello and Rose, JJ., concur. Ordered that the judgment is affirmed, with costs.