■ Michael Gracey et al., Respondents, v Everett Van Camp et al., Appellants. (Appeal No. 1.) [750 NYS2d 400] —Appeal from a judgment of Supreme Court, Jefferson County (Gilbert, J.), entered June 29, 2001, which awarded plaintiffs $22,014.80 upon a jury verdict rendered in plaintiffs' favor.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed with costs.

Memorandum: These consolidated appeals concern two separate property disputes involving three parcels. Action No. 1, which culminated in the judgment on appeal in appeal No. 2, was commenced by Everett Van Camp and Edgewood Trailer Park, Inc. (collectively, Van Camp) against, inter alia, John Gracey. Insofar as relevant herein, that action sought to determine the boundary between the lands of Van Camp and John Gracey. Judgment was entered dismissing the complaint in that action upon a jury verdict resolving the boundary dispute in favor of John Gracey and Supreme Court's adjudging that the boundary shall be established in accordance with a survey prepared by John Gracey's surveyor. Van Camp contends on appeal that "natural monuments should be favored over artificially created points in determining boundaries" and that John Gracey's "surveyor should have reconciled the boundaries and deed descriptions if possible."

A jury verdict should not be set aside as contrary to the weight of the evidence unless the verdict could not have been reached on any fair interpretation of the evidence (see Coty v Steigerwald, 291 AD2d 796, 797, lv denied 98 NY2d 604; Nicastro v Park, 113 AD2d 129, 133-134). Here, the jury was faced with conflicting expert testimony and was entitled to credit the conclusions of John Gracey's surveyor over those of the surveyor retained by Van Camp.

Action No. 2, which culminated in the judgment in appeal No. 1, was commenced by Michael Gracey and Cecelia Gracey (collectively, the Graceys), owners of a distinct parcel adjoining

Van Camp's parcel. The Graceys sued Van Camp for damages on various theories, but essentially sought damages for trespass and conversion of their timber. Judgment was entered awarding the Graceys damages (non-trebled) of $15,000 for the converted timber. Van Camp contends on appeal that he may not be held liable for the trespass and conversion found to have been committed by the logger hired by Van Camp. Regardless of the logger's status as an independent contractor, Van Camp may be held liable if he "directed the trespass or such trespass was necessary to complete the contract" (*Axtell v Kurey*, 222 AD2d 804, 805, *lv denied* 88 NY2d 802; *see Allen v Vuley*, 223 AD2d 868, 869; *see also Leger v Central Hudson Gas & Elec. Corp.*, 291 AD2d 603, 604; *Golonka v Plaza at Latham*, 270 AD2d 667, 669 ["caused or directed another person to trespass"]). Here, there is evidentiary support for the jury's implicit finding that Van Camp directed the trespass (*see Axtell*, 222 AD2d at 805-806; *Whitaker v McGee*, 111 AD2d 459, 462). As in *Axtell* (222 AD2d at 805-806), "liability was properly imposed upon [Van Camp] since the credible evidence shows that he designated the area from which the trees were to be cut, going so far as to direct the logger to cut * * * trees on [the Graceys'] land rather than * * * on his own land."

There is no merit to Van Camp's assertion that, because the jury specifically found that Van Camp had "probable cause" (RPAPL 861 [2] [a]) to believe that he owned the land from which the trees were taken, the verdict is internally inconsistent insofar as it imposes liability upon Van Camp. Van Camp fails to distinguish between the compensatory damages awarded herein for negligent trespass and conversion of timber and the treble damages otherwise recoverable, but not awarded herein, for willful, malicious, reckless, or other bad faith conduct (*see generally id.*; *Axtell*, 222 AD2d at 805-806; *Hollenbeck v Genung*, 198 AD2d 677, 678-679; *Property Owners Assn. of Harbor Acres v Ying*, 137 AD2d 509, 510-511; *Whitaker*, 111 AD2d at 461). Present—Pigott, Jr., P.J., Hayes, Kehoe, Burns and Lawton, JJ.