Van Camp's parcel. The Graceys sued Van Camp for damages on various theories, but essentially sought damages for trespass and conversion of their timber. Judgment was entered awarding the Graceys damages (non-trebled) of $15,000 for the converted timber. Van Camp contends on appeal that he may not be held liable for the trespass and conversion found to have been committed by the logger hired by Van Camp. Regardless of the logger's status as an independent contractor, Van Camp may be held liable if he "directed the trespass or such trespass was necessary to complete the contract" (*Axtell v Kurey,* 222 AD2d 804, 805, *lv denied* 88 NY2d 802; *see Allen v Vuley,* 223 AD2d 868, 869; *see also Leger v Central Hudson Gas & Elec. Corp.,* 291 AD2d 603, 604; *Golonka v Plaza at Latham,* 270 AD2d 667, 669 ["caused or directed another person to trespass"]). Here, there is evidentiary support for the jury's implicit finding that Van Camp directed the trespass (*see Axtell,* 222 AD2d at 805-806; *Whitaker v McGee,* 111 AD2d 459, 462). As in *Axtell* (222 AD2d at 805-806), "liability was properly imposed upon [Van Camp] since the credible evidence shows that he designated the area from which the trees were to be cut, going so far as to direct the logger to cut * * * trees on [the Graceys'] land rather than * * * on his own land."

■ EVERETT VAN CAMP et al., Appellants, v JOHN GRACEY, Respondent, et al., Defendant. [749 NYS2d 196] —Appeal from a judgment of Supreme Court, Jefferson County (Gilbert, J.), entered June 29, 2001, which, inter alia, dismissed the complaint upon a jury verdict of no cause of action.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed with costs.

Same memorandum as in *Gracey v Van Camp* ([appeal No. 1] 299 AD2d 837). Present—Pigott, Jr., P.J., Hayes, Kehoe, Burns and Lawton, JJ.