Dennis ANUNZIATTA and Margaret
Anunziatta, Plaintiffs–
Appellants,

v.

ORKIN EXTERMINATING COMPA-
NY, INC., Defendant–Appellee.

No. 03–7479.

United States Court of Appeals,
Second Circuit.

Dec. 3, 2004.

Carl G. Dworkin, Latham, N.Y., for Plaintiffs–Appellants.

Ronald B. Orlando, Orlando & Barbaruolo, PLLC, Latham, N.Y. (Joseph C. Winner, McFadden, Winner & Savage, Columbus, Ohio, on the brief), for Defendant–Appellee.

Present: Hon. JOSEPH M. MCLAUGHLIN, Hon. ROBERT A. KATZMANN, and Hon. REENA RAGGI, Circuit Judges.

SUMMARY ORDER

THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, at Foley Square, in the City of New York, on the 3rd day of December, two thousand four.

ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court be and hereby is AFFIRMED.

Plaintiffs appeal the district court's order dated March 31, 2003, granting the defendant's motion for judgment in its favor on plaintiffs' gross negligence claim in accordance with the jury's answers to special interrogatories, see Fed.R.Civ.P. 49(b), and denying plaintiffs' motion for, *inter alia*, judgment as a matter of law on their deceptive business practices claim, see Fed.R.Civ.P. 50(b). We assume the parties' familiarity with the proceedings below, the factual record, and the arguments on appeal, and we affirm for the reasons that follow.

As to the gross negligence claim: We see no basis for distinguishing "between the date upon which a cause of action arises" for purposes of calculating pre-judgment interest "and the date upon which it accrues" for purposes of the relevant statute of limitations. Appellants' Br. at 9; see N.Y. C.P.L.R. § 5001(b) (McKinney Supp.2004) (providing that pre-judgment interest "shall be computed from the earliest ascertainable date the cause of action existed"); *Property Owners Ass'n of Harbor Acres, Inc. v. Ying*, 137 A.D.2d 509, 524 N.Y.S.2d 252, 255 (App.Div.1988); *M.C.D. Carbone, Inc. v. Town of Bedford*, 98 A.D.2d 714, 469 N.Y.S.2d 117, 118 (App. Div.1983). The district court's instruction to the jury to determine "when the facts indicated that the various claims to damages first existed" assumed knowledge of its prior instruction that Orkin could only be liable for gross negligence if it proximately caused the plaintiffs' injury. Read as a whole, the instructions conveyed to the jury that they were choosing the date on which Orkin's gross negligence first

caused the plaintiffs' injury, which is the date the statute of limitations would begin to run (absent tolling). To the extent plaintiffs now assert that the jury instructions were not a model of clarity in this regard, we note simply that they did not raise any objection in the district court nor did they propose any clarifying language. Accordingly, they cannot be heard to complain now. *See* Fed.R.Civ.P. 51(d); *Jarvis v. Ford Motor Co.*, 283 F.3d 33, 57 (2d Cir.2002).

■ Plaintiffs' various objections are unavailing. The jury's finding that the cause of action arose on January 7, 1994, is not irrational, given the evidence that plaintiffs discovered termites that day, two weeks after a treatment by Orkin. Nor did the defendant waive its statute of limitations defense, having invoked it in its answer, and in any event, plaintiffs suffered no prejudice from the resurrection of this defense at trial's twilight, as they were on notice that in seeking interrogatory number six for their own strategic purposes, they would have to accept the risk that they might not like the answer the jury returned.[1] Neither is there any basis for tolling the statute of limitations under the continuous treatment doctrine, for that doctrine does not apply in cases involving the "vast, amorphous category of service providers," *Chase Scientific Research, Inc. v. NIA Group, Inc.*, 96 N.Y.2d 20, 725 N.Y.S.2d 592, 749 N.E.2d 161, 165 (2001), that would include exterminators, along with (at least by plaintiffs' account) acupuncturists, barbers, car mechanics, and personal trainers. Those occupations are "semi-professions," for they lack the at-

tributes that are necessary to qualify as true professions under this doctrine. *Id.* at 166. Finally, we see no abuse of discretion in the district court's decision not to toll the statute of limitations for equitable reasons, *see United States v. All Funds Distributed to, or o/b/o, Weiss*, 345 F.3d 49, 54 (2d Cir.2003), as there was "sufficient evidence to demonstrate that the plaintiffs were aware of the continued infestation of termites after January of 1994 and that the infestation was causing damage to the structure," and there is no evidence of "affirmative misconduct on the [defendant]'s part aimed at causing [plaintiffs] to forgo [their] legal rights," *Long v. Frank*, 22 F.3d 54, 59 (2d Cir.1994). In sum, given the jury's finding that plaintiffs' gross negligence cause of action accrued in January 1994, and because a three-year statute of limitations governs that claim, *see* N.Y. C.P.L.R. § 214(4) (McKinney 2003), the plaintiffs did not bring a timely civil action, and the district court was correct to enter judgment in accordance with the jury's answer to interrogatory number six, *see* Fed.R.Civ.P. 49(b).

■ As to the deceptive business practices claim: Plaintiffs' motion for judgment as a matter of law ("JMOL") pursuant to Rule 50(b) was barred, as plaintiffs failed to move for that relief "at any time before submission of the case to the jury," Fed.R.Civ.P. 50(a)(2), and "[t]here is no provision for a JMOL motion to be made for the first time after trial." *McCardle v. Haddad*, 131 F.3d 43, 50–51 (2d Cir.1997); *see* Fed.R.Civ.P. 50(b) advisory committee note (1963) ("A motion for judgment not-

---

1. Without any reason to believe it is clearly erroneous, we accept the district court's account of the un-transcribed portion of the charging conference, *see United States v. Zichettello*, 208 F.3d 72, 93 (2d Cir.2000); *Polizzi v. United States*, 926 F.2d 1311, 1319–20 & n. 12 (2d Cir.1991), and, in any event, the

plaintiffs do not dispute the district court's crucial finding that "[c]ounsel was specifically advised by the Court during this charge conference that the answers to special interrogatories 6 and 7 would be used to determine the accrual date of the applicable statute of limitations on each cause of action."

withstanding the verdict will not lie unless it was preceded by a motion for a directed verdict made at the close of all the evidence."). Even were we to overlook that deficiency (as the district court apparently did), we would not reverse, as the record lacks "such an overwhelming amount of evidence in favor of the movant that reasonable and fair minded [persons] could not [have] arrive[d] at a verdict against [it]." *Myers v. County of Orange,* 157 F.3d 66, 73 (2d Cir.1998); *accord Tolbert v. Queens College,* 242 F.3d 58, 70 (2d Cir. 2001). Assuming *arguendo* that plaintiffs established an inconsistency between Orkin's marketing brochures and its treatment of their home, we think a reasonable jury could find that the Anunziattas failed to prove either materiality or causation by a preponderance of the evidence. *See* N.Y. Gen. Bus. Law § 349(a); *Stutman v. Chemical Bank,* 95 N.Y.2d 24, 709 N.Y.S.2d 892, 731 N.E.2d 608, 612–13 (2000).

Accordingly, the judgment of the district court is AFFIRMED.