■ ROBIN J. ZABLOW, Appellant, v LEONARD DISAVINO et al., Respondents. [802 NYS2d 746]—

In an action, inter alia, to recover damages for injury to real property pursuant to RPAPL 861, the plaintiff appeals from an order of the Supreme Court, Westchester County (Lefkowitz, J.), dated June 29, 2004, which sua sponte directed dismissal of the first cause of action pursuant to RPAPL 861.

Ordered that on the Court's own motion, the notice of appeal is treated as an application for leave to appeal, and leave to appeal is granted (see CPLR 5701 [c]); and it is further,

Ordered that the order is reversed, on the law, with one bill of costs, the first cause of action pursuant to RPAPL 861 is reinstated, and a new trial is granted with respect to that cause of action only.

The plaintiff commenced this action against her neighbor, Leonard DiSavino, and DiSavino's gardener, Anthony Cutri, after she discovered that trees, saplings, and undergrowth on her property had been cut down.

On a prior appeal, the plaintiff argued that the Supreme Court erred in granting both defendants' motions for summary judgment dismissing the action. We reversed the order appealed from on the ground that the plaintiff had established the existence of triable issues of fact regarding her RPAPL 861 and negligence causes of action (see Zablow v DiSavino, 303 AD2d 583 [2003]).

In the ensuing trial, after both parties rested, the plaintiff withdrew her negligence cause of action and requested that the jury be charged only on her cause of action pursuant to RPAPL 861. The trial court found that the plaintiff's evidence did not justify a jury charge on RPAPL 861 and directed dismissal of the complaint. We disagree, and reinstate the cause of action pursuant to RPAPL 861.

"Whenever an individual cuts down trees without the property owner's permission, the property owner may maintain an action, pursuant to RPAPL 861, for treble damages" (*Axtell v Kurey*, 222 AD2d 804, 805 [1995]; *see Ahearn v Carroll*, 305 AD2d 523 [2003]; *Zablow v DiSavino, supra; Arnott v Franzino*, 302 AD2d 415, 416 [2003]; *Property Owners Assn. of Harbor Acres v Ying*, 137 AD2d 509, 510-511 [1988]). The evidence adduced at trial was sufficient to permit the jury to rationally infer that either or both of the defendants had cut trees on the plaintiff's property without her consent (*see Goldvasser v Port Auth. of N.Y. & N.J.*, 168 AD2d 484 [1990]). Although there were no witnesses to the cutting, it occurred in the same area where, 10 years earlier, DiSavino had removed a tree from the plaintiff's property with her permission because it interfered with his view of the surrounding landscape. At trial, there was conflicting testimony regarding whether DiSavino admitted to cutting the trees at issue and whether he had directed Cutri to do so. Therefore, the jury should have been allowed to draw rational inferences from the evidence and to resolve the conflicting testimony (*see Bota v Kaminsky*, 299 AD2d 259 [2002]; *Delaney v Town of Orangetown*, 44 AD2d 396 [1974], *affd* 36 NY2d 770 [1975]). Accordingly, the Supreme Court erred in directing dismissal of the RPAPL 861 cause of action.

Since we are granting a new trial, we also note that the Supreme Court improvidently excluded as hearsay portions of Cutri's deposition testimony that the plaintiff sought to introduce, where Cutri recounted statements he made to the police regarding his assistant's possession of a hand saw. Cutri waived his right to object by introducing the testimony during his case-in-chief (*see* 8 Carmody-Wait 2d, NY Prac § 56:280, at 433; 105 NY Jur 2d, Trial § 357), the statements are fairly connected to portions previously read by Cutri's attorney (*see* CPLR 3117 [b]) and are admissible as the testimony of an adverse party (*see* CPLR 3117 [a] [2]; *Fanek v City of Yonkers*, 287 AD2d 683 [2001]). Schmidt, J.P., Cozier, Rivera and Fisher, JJ., concur.