■ CASIMER DLUGOSZ, Appellant, v JAMES S. O'BRIEN, Respondent. [828 NYS2d 628]—

Carpinello, J. Appeal from an order of the Supreme Court (Ferradino, J.), entered July 11, 2005 in Saratoga County, which, inter alia, granted defendant's cross motion to dismiss the complaint.

The following facts pertinent to the instant action are

undisputed. In early December 2004, plaintiff expressed an interest in leasing defendant's small storefront property. On Tuesday, December 14, 2004, defendant provided plaintiff with a one-year lease agreement, bearing defendant's signature only, pursuant to which the premises would be rented at the rate of $450 per month commencing on January 1, 2005. Three days later (i.e., a Friday), plaintiff affixed his own signature to the document and then attempted to deliver the now fully-executed agreement to defendant with the requisite security deposit in cash. Defendant rejected the cash security deposit and requested a check instead. When plaintiff returned the following Monday with the lease and a check, defendant informed him that he had changed his mind and declined to rent the premises.

Plaintiff sued seeking specific performance of the lease and treble damages for forcible ejectment. Supreme Court conducted a hearing on plaintiff's request for a preliminary injunction and defendant's cross motion to dismiss the complaint pursuant to CPLR 3211 (a) (7). The court ultimately dismissed the complaint finding the lease to be invalid for lack of consideration. While we disagree with Supreme Court's rationale, we nevertheless affirm.

In *219 Broadway Corp. v Alexander's, Inc.* (46 NY2d 506 [1979]), the Court of Appeals affirmed a CPLR 3211 (a) (7) dismissal of a complaint which sought enforcement of a fully-executed lease. Finding that a lease is a conveyance of an interest in real property, the Court held that delivery of the lease, in addition to its execution, is required for a written lease to become effective (46 NY at 511-512). The Court of Appeals specifically noted the following: "The due signature of the lease instrument is but one step in the process of conveying an interest in land. Delivery requires something more. There must be evidence of an unequivocal intent that the interest intended to be conveyed is, in fact, being conveyed. The mere signing of the instrument by parties not in the presence of each other, without more, does not evince such intent" (*id.* at 512 [citations omitted]). Thus, the critical inquiry narrows to whether there was such a delivery.

On this issue, the Court of Appeals recognized that "the concept of delivery is not given to precise definition or controlled by fixed formalities" (*id.* at 512). The Court defined the concept as "requir[ing] acts or words or both acts and words which clearly manifest that it is the intent of the parties that an interest in the land is, in fact, being conveyed to the lessee" (*id.* at 512). Here, accepting all of plaintiff's allegations in his complaint as true (even as supplemented by his own averments

and sworn testimony), there was never a consummated delivery of the lease to defendant under circumstances evincing an intent by both parties that a landlord-tenant relationship be established. Accordingly, the complaint was properly dismissed.

In any event, dismissal was also appropriate because the cause of action for specific performance was not supported by an allegation in the complaint that the subject property was unique.* Indeed, specific performance of a lease can only be awarded upon a showing of uniqueness (*see Van Wagner Adv. Corp. v S & M Enters.*, 67 NY2d 186, 192-193 [1986]). Moreover, plaintiff's claim for forcible ejectment cannot stand since he clearly never had "actual physical possession" of the property regardless of the circumstances surrounding his possession of a key (*Golonka v Plaza at Latham*, 270 AD2d 667, 670 [2000] [internal quotation marks and citations omitted]). Finally, plaintiff's remaining arguments, to the extent not specifically addressed herein, have been rendered academic by our determination that the complaint was properly dismissed.

Cardona, P.J., Peters, Rose and Kane, JJ., concur. Ordered that the order is affirmed, with costs.

---

* Plaintiff's subsequent affidavits failed to adequately remedy this defect.