■ SCOTT A. SPELLBURG, Respondent, v SOUTH BAY REALTY, LLC, et al., Appellants, and STRANAHAN INDUSTRIES, INC., Respondent, et al., Defendant. [854 NYS2d 563]—

Kavanagh, J.

Plaintiff owns property on French Mountain in the Town of Queensbury, Warren County. Defendant Stranahan Industries, Inc. owned property* abutting plaintiff's property and defendant Ralph Macchio owned property at the top of French Mountain. Defendant South Bay Realty, LLC is owned by Macchio. In 2004, plaintiff gave defendant David Stranahan, the acting president of Stranahan Industries, permission to cross over plaintiff's property. Sometime thereafter, Stranahan contacted Macchio and indicated that he had been contacted by John Barber of Evergreen Timber who wished to buy timber from Stranahan Industries and Macchio. Stranahan and Mac-

---

* This property was later purchased by Bear Pond Trail, LLC, another company with which defendant Ralph Macchio is related.

chio agreed to sell timber to Evergreen Timber, and Evergreen Timber agreed to put in a jeep trail/road through Stranahan Industries' and Macchio's properties. However, when the road was built, it also crossed over plaintiff's property. After discovering the road on his property, plaintiff commenced this action against Stranahan, Stranahan Industries, Macchio and South Bay alleging, among other things, that they trespassed over his property and caused a nuisance.

Macchio and South Bay (hereinafter collectively referred to as defendants) moved for summary judgment dismissing plaintiff's claims. Plaintiff cross-moved for leave to serve an amended and supplemental summons and complaint to add Barber and Evergreen Timber as additional parties and to add claims. Supreme Court denied defendants' motion without prejudice to renew and granted plaintiff's cross motion. Defendants now appeal and we affirm.

Defendants claim that summary judgment should have been granted in their favor because they never trespassed on plaintiff's property and never directed or otherwise participated in the placement of the road. A person who enters the land of another without permission is a trespasser, even if he or she does so "innocently or by mistake" (104 NY Jur 2d, Trespass § 10, at 472; see Golonka v Plaza at Latham, 270 AD2d 667, 669 [2000]; Collins v Decker, 120 App Div 645, 647 [1907]). Even though defendants did not enter plaintiff's land, defendants can be held liable for trespass if they "caused or directed another person to trespass" (Golonka v Plaza at Latham, 270 AD2d at 669; see Morrison v Wescor Forest Prods. Co., 28 AD3d 1225, 1226 [2006]; Axtell v Kurey, 222 AD2d 804, 805 [1995], lv denied 88 NY2d 802 [1996]; 104 NY Jur 2d, Trespass § 29, at 492-493). Furthermore, defendants can be held liable for a nuisance if they interfered with an owner's "right to use and enjoy land, substantial in nature, intentional or negligent in origin, unreasonable in character, and caused by the defendant[s'] conduct" (Kaplan v Incorporated Vil. of Lynbrook, 12 AD3d 410, 412 [2004]).

According to Stranahan, both Macchio and Stranahan contracted with Evergreen Timber to build the road. Macchio testified at his uncompleted deposition that there was an agreement with Evergreen Timber that they would pay for the lumber and put a jeep trail directly to a pond on Macchio's property. Macchio received an invoice for the construction of the road and at his deposition testified that it was his understanding that Evergreen Timber was paid in lumber for its work putting in the road. Defendants' summary judgment motion was

made before Macchio's deposition was completed and before the deposition of Barber could be held. As a result, there are questions of fact as to whether the trespass over plaintiff's property was in fact "necessary to complete the contract" between Evergreen Timber, Macchio and Stranahan (*Axtell v Kurey*, 222 AD2d at 805; *see Gracey v Van Camp*, 299 AD2d 837, 838 [2002]; *compare Brown v Arcady Realty Corp.*, 1 AD3d 753, 756 [2003], *lv denied* 3 NY3d 606 [2004]), and the extent, if any, of the direction given by defendants to Evergreen Timber regarding the construction of the road. The motion for summary judgment was premature as additional discovery, including the examination before trial of Barber and completion of Macchio's deposition, was necessary and would "yield material and relevant evidence" (*Zinter Handling, Inc. v Britton*, 46 AD3d 998, 1001 [2007]; *see* CPLR 3212 [f]; *Catena v Amsterdam Mem. Hosp.*, 6 AD3d 1037, 1038 [2004]). Nor do we agree with defendants that there was an inexcusable delay seeking these depositions or that plaintiff and Stranahan did not diligently pursue discovery (*compare Steinborn v Himmel*, 9 AD3d 531, 535 [2004]; *Sloane v Repsher*, 263 AD2d 906, 907 [1999]).

Defendants also claim that there could be no trespass because plaintiff gave Stranahan permission to cross over plaintiff's land. Plaintiff acknowledged that he gave Stranahan and Barber permission to cross over his property and, while Barber indicated that they also wanted to construct a trail/road through it, Barber promised to get back to plaintiff with a proposal in writing but never did so. In sum, plaintiff contends that he never provided permission for defendants to do anything to his property other than to cross over it. While defendants assert otherwise, these are factual questions which require denial of defendants' motion for summary judgment.

Given that discovery is not yet complete and unresolved issues of fact clearly exist, Supreme Court properly denied defendants' summary judgment motion.

Defendants' remaining claims have been reviewed and found to be lacking in merit.

Mercure, J.P., Spain, Carpinello and Rose, JJ., concur. Ordered that the order and amended order are affirmed, with one bill of costs.