■ HERBERT J. STEIN, Respondent, v JEFFREY EINHORN et al., Appellants. [902 NYS2d 431]—In an action, inter alia, to recover treble damages pursuant to RPAPL 861, the defendants appeal from a judgment of the Supreme Court, Suffolk County (Baisley, J.), entered November 5, 2009, which, upon the denial of their motion pursuant to CPLR 4401 (a) for judgment as a matter of law, upon a jury verdict finding that the plaintiff had sustained damages in the principal sum of $105,654, and upon a finding that the plaintiff was entitled to treble damages, is in favor of the plaintiff and against them in the principal sum of $316,962.

Ordered that the judgment is affirmed, with costs.

The expert testimony of the plaintiff's nursery and horticultural design expert was properly admitted since it was "based on facts in the record and his own analysis, not speculation" (*Plainview Water Dist. v Exxon Mobil Corp.*, 66 AD3d 754, 755 [2009]; see *Shi Pei Fang v Heng Sang Realty Corp.*, 38 AD3d 520, 521 [2007]).

The Supreme Court properly denied the defendants' motion pursuant to CPLR 4401 (a) for judgment as a matter of law. Affording the plaintiff every favorable inference from the evidence submitted, there was a rational process by which the jury could find in favor of the plaintiff (see *Szczerbiak v Pilat*, 90 NY2d 553, 556 [1997]). The verdict was supported by legally sufficient evidence (see *Cohen v Hallmark Cards*, 45 NY2d 493, 499 [1978]). Moreover, the jury's finding was based on a fair interpretation of the evidence, and thus was not against the weight of the evidence (see *Nicastro v Park*, 113 AD2d 129, 134-135 [1985]).

Finally, the Supreme Court properly calculated prejudgment interest on the treble damages awarded pursuant to RPAPL 861 (see *Axtell v Kurey*, 222 AD2d 804 [1995]; *Cunningham v Brischke*, 167 AD2d 604 [1990]; *Property Owners Assn. of Harbor Acres v Ying*, 137 AD2d 509 [1988]). Skelos, J.P., Angiolillo, Dickerson and Leventhal, JJ., concur.