■ Mario F. Cajas-Romero et al., Appellants, v Irving K. Ward, Respondent. [965 NYS2d 559]—

In an action to recover damages for personal injuries, the plaintiffs appeal from an order of the Supreme Court, Queens County (McDonald, J.), dated October 11, 2011, which denied their motion for summary judgment on the issue of liability, without prejudice to renewal after the completion of discovery.

Ordered that the order is reversed, on the law, with costs, and the plaintiffs' motion for summary judgment on the issue of liability is granted.

The plaintiffs allegedly were injured when the defendant's motor vehicle collided with the rear of their motor vehicle at the intersection of Jamaica Avenue and 186th Street in Queens. After joinder of issue, but before depositions were conducted, the plaintiffs moved for summary judgment on the issue of liability. The Supreme Court denied the motion, without prejudice to renewal after the completion of discovery.

A driver of a vehicle approaching another vehicle from behind is required to maintain a reasonably safe distance and rate of speed under the prevailing conditions to avoid colliding with the other vehicle (see Vehicle and Traffic Law § 1129 [a]; Ortiz v Hub Truck Rental Corp., 82 AD3d 725 [2011]; Nsiah-Ababio v Hunter, 78 AD3d 672 [2010]). Drivers have a duty to see what should be seen and to exercise reasonable care under the circumstances to avoid an accident (see Filippazzo v Santiago, 277 AD2d 419 [2000]; Johnson v Phillips, 261 AD2d 269 [1999]).

A rear-end collision with a stopped or stopping vehicle establishes a prima facie case of negligence on the part of the operator of the rear vehicle, thereby requiring that operator to rebut the inference of negligence by providing a nonnegligent explanation for the collision (see Tutrani v County of Suffolk, 10 NY3d 906, 908 [2008]; Parra v Hughes, 79 AD3d 1113, 1114 [2010]; DeLouise v S.K.I. Wholesale Beer Corp., 75 AD3d 489, 490 [2010]; Volpe v Limoncelli, 74 AD3d 795 [2010]; Staton v Ilic, 69 AD3d 606 [2010]; Lampkin v Chan, 68 AD3d 727 [2009]). A trailing driver's conduct in failing to leave reasonable distance creates the possibility that a sudden stop will be necessary (see Lowhar-Lewis v Metropolitan Transp. Auth., 97 AD3d 728 [2012]; Pappas v Opitz, 262 AD2d 471 [1999]; Sass v Ambu Trans., 238 AD2d 570 [1997]; Gage v Raffensperger, 234 AD2d 751, 751-752 [1996]).

In support of their motion for summary judgment on the issue of liability, the plaintiffs submitted their respective affidavits in which they averred that their vehicle was stopped at a red light at the aforementioned intersection when it was struck in the rear by the defendant's vehicle. These affidavits were suf-

ficient to establish the plaintiffs' prima facie entitlement to judgment as a matter of law (*see Ramos v TC Paratransit*, 96 AD3d 924 [2012]; *Napolitano v Galletta*, 85 AD3d 881 [2011]; *Kastritsios v Marcello*, 84 AD3d 1174 [2011]).

The defendant, relying on his affidavit in opposition, failed to raise a triable issue of fact. The defendant averred that he came to a complete stop behind the plaintiffs' vehicle at the red light. When the light turned green in favor of the plaintiffs and the defendant, the plaintiffs' vehicle moved forward into the intersection and the defendant followed behind it, at approximately five miles per hour. The defendant averred that a third vehicle "cut off" the plaintiffs' vehicle, causing the plaintiffs' vehicle to stop short. The defendant admittedly was unable to stop in time, and his vehicle struck the rear of the plaintiffs' vehicle. Although the defendant's version of the events leading to the subject rear-end collision differed from the plaintiffs' version of events, the defendant's version of events, even if accepted as true, did not raise a triable issue of fact as to the existence of a nonnegligent explanation for the rear-end collision. The fact that the defendant was traveling extremely close behind the plaintiffs' vehicle without leaving a reasonable distance created the possibility that a sudden stop would be necessary, and, by his own admission, the defendant clearly breached his duty to maintain a reasonably safe distance from the plaintiffs' vehicle, which he was following (*see Ayach v Ghazal*, 25 AD3d 742 [2006]; *Pappas v Opitz*, 262 AD2d 471 [1999]).

The Supreme Court erred in concluding that the plaintiffs' motion was premature. A party who contends that a summary judgment motion is premature is required to demonstrate that discovery might lead to relevant evidence or the facts essential to justify opposition to the motion were exclusively within the knowledge and control of the movant (*see* CPLR 3212 [f]; *see also Boorstein v 1261 48th St. Condominium*, 96 AD3d 703 [2012]; *Dietrich v Grandsire*, 83 AD3d 994 [2011]; *Trombetta v Cathone*, 59 AD3d 526 [2009]). The defendant's contention that the plaintiffs' motion was premature because the plaintiffs had not yet been deposed at the time the plaintiffs' motion was filed did not establish what information the defendant hoped to discover at the plaintiffs' depositions that would relieve him of liability in this case. "The mere hope or speculation that evidence sufficient to defeat a motion for summary judgment may be uncovered during the discovery process is insufficient to deny the motion" (*Lopez v WS Distrib., Inc.*, 34 AD3d 759, 760 [2006]).

Therefore, the Supreme Court should have granted the plaintiffs' motion for summary judgment on the issue of liability. Dillon, J.P., Angiolillo, Austin and Hinds-Radix, JJ., concur.