■ ERICA WINZELBERG, Respondent, v 1319 50TH STREET REALTY CORP. et al., Appellants, et al., Defendants. (And Third-Party Actions.) [979 NYS2d 656]—

In an action, inter alia, to recover damages for negligence, the defendants Fimor Construction & Development Corp. and WCH-Fimor Construction Corp. appeal from so much of an order of the Supreme Court, Kings County (Kramer, J.), dated June 1, 2012, as granted that branch of the plaintiff's cross motion which was for summary judgment on the issue of liability as against them, and the defendants 1319 50th Realty Corp. and Hisachdus Avreichim of Vein separately appeal, as limited by their brief, from so much of the same order as granted that branch of the plaintiff's cross motion which was for summary judgment on the issue of liability as against them.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

The plaintiff established her prima facie entitlement to judgment as a matter of law on the issue of liability pursuant to former Administrative Code of the City of New York § 27-1031 (b) (1). The plaintiff established that the appellants' violation of that provision was a proximate cause of the damage to her building (*see Yenem Corp. v 281 Broadway Holdings*, 18 NY3d 481 [2012]). The appellants' contention that the plaintiff's cross motion was premature is without merit. The appellants failed to demonstrate that discovery might lead to relevant evidence, or that the facts essential to justify opposition to the motion were exclusively within the knowledge and control of the plaintiff (*see Cajas-Romero v Ward*, 106 AD3d 850 [2013]; *Brabham v City of New York*, 105 AD3d 881 [2013]; *Buchinger v Jazz Leasing Corp.*, 95 AD3d 1053 [2012]). The mere hope or speculation that evidence sufficient to defeat a motion for summary judgment may be uncovered during the discovery process is an insufficient basis for denying a summary judgment motion (*see Cajas-Romero v Ward*, 106 AD3d 850 [2013]; *Buchinger v Jazz Leasing Corp.*, 95 AD3d 1053 [2012]). The appellants here failed to identify the information they hoped to obtain through further discovery that would relieve them of liability (*see Cajas-Romero v Ward*, 106 AD3d 850 [2013]; *Cortes v Whelan*, 83 AD3d 763 [2011]).

The remaining contentions of the appellants Fimor Construc-

tion & Development Corp. and Fimor Construction Corp., sued herein as WCH-Fimor Construction Corp., are without merit. Skelos, J.P., Dillon, Dickerson and Austin, JJ., concur.