■ MYKOLA STASKIV, Respondent, v NAUM SHLAYAN et al., Appellants-Respondents, KWOK CHI TONG, Respondent-Appellant, and ANGELO VALLEJOS et al., Respondents. [18 NYS3d 686]—

In an action to recover damages for personal injuries, the defendants Naum Shlayan and New York VIP Transportation, Inc., appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Schmidt, J.), dated September 3, 2014, as denied their cross motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them, and the defendant Kwok Chi Tong cross-appeals, as limited by his brief, from so much of the same order as denied his motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against him.

Ordered that the order is reversed insofar as appealed from, on the law, and the cross motion of the defendants Naum Shlayan and New York VIP Transportation, Inc., for summary judgment dismissing the complaint and all cross claims insofar as asserted against them is granted; and it is further,

Ordered that the order is affirmed insofar as cross-appealed from; and it is further,

Ordered that one bill of costs is awarded to the defendants Angelo Vallejos and Golden Touch Transportation of N.Y., Inc., payable by the defendant Kwok Chi Tong, and one bill of costs is awarded to the defendants Naum Shlayan and New York VIP Transportation, Inc., payable by the defendants Angelo Vallejos and Golden Touch Transportation of N.Y., Inc.

This action arises from a three-car motor vehicle accident that occurred on the JFK Expressway, near Terminal 1 at Kennedy International Airport. It is undisputed that the defendant Naum Shlayan, operating the lead vehicle, which was owned by the defendant New York VIP Transportation, Inc. (hereinafter VIP), and in which the plaintiff was a passenger, abruptly slowed down and stopped his vehicle when he was cut off by an unidentified vehicle. The defendant Kwok Chi Tong owned and operated the second vehicle, directly behind the vehicle operated by Shlayan, and the defendant Angelo Vallejos was driving the third vehicle, owned by the defendant Golden Touch Transportation of N.Y., Inc. (hereinafter Golden Touch), behind the Tong vehicle. According to the complaint, the plaintiff allegedly sustained injuries when the vehicle in which she was a passenger, that is, the Shlayan/VIP vehicle, was involved in a collision with the Tong and Vallejos/Golden Touch vehicles. Prior to the completion of discovery, Tong moved, and Shlayan and VIP cross-moved, for summary judgment dismissing the complaint and all cross claims insofar as asserted against each of them, contending that they were free from fault in the happening of the accident. The Supreme Court denied the motion and the cross motion, determining that a triable issue of fact existed as to the happening of the accident.

The Supreme Court erred in denying the cross motion of Shlayan and VIP. Shlayan and VIP demonstrated their prima facie entitlement to judgment as a matter of law by establishing that Shlayan was free from fault because the vehicle he was operating was struck from behind after he safely and properly brought the vehicle to a stop in order to avoid striking the unidentified vehicle that cut him off (*see Gavrilova v Stark*, 129 AD3d 907 [2015]; *Franco v Breceus*, 70 AD3d 767, 768 [2010]; *Harrington v Kern*, 52 AD3d 473 [2008]). In opposition to the cross motion, the mere conclusory assertion that the Shlayan/VIP vehicle stopped suddenly was insufficient to raise a triable issue of fact (*see Gavrilova v Stark*, 129 AD3d 907 [2015]; *Harrington v Kern*, 52 AD3d 473 [2008]; *Ahmad v Grimaldi*, 40 AD3d 786 [2007]). Furthermore, there is no merit to the contention of Golden Touch and Vallejos, asserted as an alternative ground for affirmance, that the cross motion should

have been denied pursuant to CPLR 3212 (f) (*see Parochial Bus Sys. v Board of Educ. of City of N.Y.*, 60 NY2d 539, 545 [1983]; *Nolan v Irwin Contr., Inc.*, 121 AD3d 1060, 1062 [2014]; *Biro v Roth*, 121 AD3d 733, 735 [2014]). "The mere hope or speculation that evidence sufficient to defeat a motion for summary judgment may be uncovered during the discovery process is insufficient to deny the motion" (*Lopez v WS Distrib., Inc.*, 34 AD3d 759, 760 [2006]; *see Singh v Avis Rent A Car Sys., Inc.*, 119 AD3d 768, 770 [2014]; *Williams v Spencer-Hall*, 113 AD3d 759 [2014]; *Cajas-Romero v Ward*, 106 AD3d 850, 852 [2013]).

Contrary to Tong's contention, the Supreme Court properly denied his motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against him. In support of his motion for summary judgment, Tong submitted an affidavit in which he averred that his car came to a full stop behind the Shlayan/VIP vehicle before being struck from behind and propelled forward by the Vallejos/Golden Touch vehicle. However, Tong also submitted a "crash report," prepared by an officer of the Port Authority of NY & NJ (*see generally Zablow v DiSavino*, 22 AD3d 748 [2005]), containing his statement that he struck the Shlayan/VIP vehicle solely because the Shlayan/VIP vehicle stopped short, which was in contradiction to his averment that he came to a full stop behind the Shlayan/VIP vehicle and was thereafter propelled forward by the Allejos/Golden Touch vehicle. In light of his conflicting statements submitted in support of the motion, Tong failed to eliminate all triable issues of fact, as these inconsistencies raise an issue of credibility that must be resolved by the fact-finder (*see Amador v City of New York*, 120 AD3d 526, 527 [2014]; *Martinez v Martinez*, 93 AD3d 767, 769 [2012]). Since Tong failed to meet his prima facie burden (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]), it unnecessary to consider the sufficiency of the papers filed in opposition to the motion (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]).

The parties' remaining contentions either are without merit or need not be reached in light of our determination. Hall, J.P., Sgroi, Cohen and Maltese, JJ., concur.