■ VERONICA COMAS-BOURNE, Respondent, v CITY OF NEW YORK et al., Appellants. [45 NYS3d 182]—

In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Jimenez-Salta, J.), dated August 21, 2015, which granted the plaintiff's motion for summary judgment on the issue of liability.

Ordered that the order is affirmed, with costs.

The plaintiff allegedly was injured when her vehicle was rear-ended by a street sweeper vehicle owned by the defendant City of New York and operated by the defendant William M. Neal in Brooklyn. The plaintiff subsequently commenced this action against the defendants, and then moved for summary judgment on the issue of liability. In support of the motion, the plaintiff submitted, inter alia, an affidavit wherein she stated that she was proceeding straight on Foster Avenue when a parked vehicle suddenly pulled out from the curb and cut her off. The plaintiff stated that in response, she brought her vehicle to a stop, and after her vehicle had come to a complete stop, it was rear-ended by the defendants' vehicle. In opposition to the motion, Neal submitted an affidavit that cor-

roborated the plaintiff's version of the accident. Neal stated that before the plaintiff's vehicle was cut off by the third vehicle, his vehicle was at least one car length behind the plaintiff's vehicle. He stated that he could not bring his vehicle to a stop in time to avoid the accident "due to the size and shape" of his street sweeper vehicle. The Supreme Court granted the plaintiff's motion.

"When the driver of an automobile approaches another automobile from the rear, he or she is bound to maintain a reasonably safe rate of speed and control over his vehicle, and to exercise reasonable care to avoid colliding with the other vehicle" (*Gaeta v Carter*, 6 AD3d 576, 576 [2004]; *see Gallo v Jairath*, 122 AD3d 795, 796 [2014]; *Taing v Drewery*, 100 AD3d 740, 741 [2012]). A rear-end collision with a stopped or stopping vehicle creates a prima facie case of negligence against the operator of the rear vehicle, thereby requiring that operator to rebut the inference of negligence by providing a nonnegligent explanation for the collision (*see Tutrani v County of Suffolk*, 10 NY3d 906, 908 [2008]; *Brothers v Bartling*, 130 AD3d 554, 555 [2015]; *Le Grand v Silberstein*, 123 AD3d 773, 774 [2014]; *Williams v Spencer-Hall*, 113 AD3d 759, 760 [2014]). "To prevail on a motion for summary judgment on the issue of liability, a plaintiff must establish, prima facie, not only that the opposing party was negligent, but also that the plaintiff was free from comparative fault" (*Phillip v D&D Carting Co., Inc.*, 136 AD3d 18, 22 [2015]; *see Melendez v McCrowell*, 139 AD3d 1018, 1020 [2016]).

Here, in support of her motion, the plaintiff submitted evidence sufficient to establish, prima facie, that she was not negligent in the happening of the accident, and that Neal's negligent operation of his vehicle was the sole proximate cause of the accident (*see Staskiv v Shlayan*, 132 AD3d 971 [2015]; *Cajas-Romero v Ward*, 106 AD3d 850, 852 [2013]; *Ayach v Ghazal*, 25 AD3d 742, 743 [2006]). In opposition, the defendants failed to raise a triable issue of fact as to whether the plaintiff was comparatively at fault or whether Neal had a nonnegligent explanation for rear-ending the plaintiff's vehicle (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). Contrary to the defendants' contention, the motion was not premature (*see* CPLR 3212 [f]; *Staskiv v Shlayan*, 132 AD3d at 973; *Singh v Avis Rent A Car Sys., Inc.*, 119 AD3d 768, 770 [2014]; *Williams v Spencer-Hall*, 113 AD3d at 760; *Cajas-Romero v Ward*, 106 AD3d at 852). Additionally, the emergency doctrine is not applicable to this case (*see* Vehicle and Traffic Law § 1129 [a]; *Lowhar-Lewis v Metropolitan Transp. Auth.*, 97

AD3d 728, 729 [2012]; *Jacobellis v New York State Thruway Auth.*, 51 AD3d 976, 977 [2008]; *Campanella v Moore*, 266 AD2d 423, 424 [1999]; *Kowchefski v Urbanowicz*, 102 AD2d 863 [1984]).

Accordingly, the Supreme Court properly granted the plaintiff's motion for summary judgment on the issue of liability. Rivera, J.P., Austin, Roman and Connolly, JJ., concur.