Lopez v Dobbins (2018 NY Slip Op 05837)





Lopez v Dobbins


2018 NY Slip Op 05837


Decided on August 22, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 22, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOHN M. LEVENTHAL
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON, JJ.


2016-08108
 (Index No. 707063/15)

[*1]Christopher Lopez, respondent, 
v
Michael K. Dobbins, et al., appellants.


Goldberg Segalla LLP, Garden City, NY (Brendan T. Fitzpatrick and Stefan A. Borovina of counsel), for appellants.
The Altman Law Firm, PLLC, New York, NY (Michael T. Altman of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Queens County (Darrell L. Gavrin, J.), entered July 15, 2016. The order granted the plaintiff's motion for summary judgment on the issue of liability.
ORDERED that the order is affirmed, with costs.
On January 5, 2015, the plaintiff was driving east on the Long Island Expressway at or near its intersection with the Grand Central Parkway in Queens County when his vehicle allegedly was struck in the rear by an Access-A-Ride vehicle operated by the defendant Michael K. Dobbins. In July 2015, the plaintiff commenced this action against Dobbins and his employer, Careride Paratransit, LLC, among others (hereinafter collectively the defendants). After joinder of issue, but before the completion of discovery, the plaintiff moved for summary judgment on the issue of liability. The defendants opposed the motion. The Supreme Court granted the motion, and the defendants appeal.
" A driver of a vehicle approaching another vehicle from the rear is required to maintain a reasonably safe distance and rate of speed under the prevailing conditions to avoid colliding with the other vehicle'" (Russell v J.L. Femia Landscape Servs., LLC, 161 AD3d 1119, 1120, quoting Nsiah-Abablo v Hunter, 78 AD3d 672, 672; see Niyazov v Hunter EMS, Inc., 154 AD3d 954; Comas-Bourne v City of New York, 146 AD3d 855, 856). As such, a rear-end collision with a stopped or stopping vehicle establishes a prima facie case of negligence on the part of the operator of the rear vehicle, requiring that operator to come forward with evidence of a nonnegligent explanation for the collision in order to rebut the inference of negligence (see Tutrani v County of Suffolk, 10 NY3d 906, 908; Motta v Gomez, 161 AD3d 725; Nikolic v City-Wide Sewer & Drain Serv. Corp., 150 AD3d 754, 755).
Here, the plaintiff established his prima facie entitlement to judgment as a matter of law through the submission of his own affidavit, in which he averred that his vehicle was in the [*2]center lane of the Long Island Expressway braking and slowing down in response to traffic conditions, when it was struck in the rear by Dobbins' vehicle. This affidavit demonstrated, prima facie, that Dobbins was negligent (see Nikolic v City-Wide Sewer & Drain Serv. Corp., 150 AD3d at 755). Further, although a plaintiff is no longer required to show freedom from comparative fault in establishing his or her prima facie case (see Rodriguez v City of New York, 31 NY3d 312; Poon v Nisanov, 162 AD3d 804), the plaintiff specifically argued the absence of comparative fault in support of his motion and, in his affidavit, demonstrated that he was free from comparative fault (see Edgerton v City of New York, 160 AD3d 809, 811). In opposition to the plaintiff's prima facie showing, the defendants' contention that the plaintiff's vehicle made a sudden stop when it was cut off by a third vehicle did not, standing alone, provide a nonnegligent explanation for Dobbins' conduct or raise a triable issue of fact as to whether the plaintiff was comparatively at fault (see Comas-Bourne v City of New York, 146 AD3d at 855; Waide v ARI Fleet, LT, 143 AD3d 975, 976; Cajas-Romero v Ward, 106 AD3d 850, 852). Finally, the plaintiff's motion was not premature (see CPLR 3212[f]; Brown v City of New York, 162 AD3d 733; Lynn v McCormick, 153 AD3d 688, 689).
Accordingly, we agree with the Supreme Court's determination to grant the plaintiff's motion for summary judgment on the issue of liability.
DILLON, J.P., LEVENTHAL, CONNOLLY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court