Johnson v New York City Hous. Auth. (2020 NY Slip Op 03902)





Johnson v New York City Hous. Auth.


2020 NY Slip Op 03902


Decided on July 15, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 15, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
RUTH C. BALKIN
CHERYL E. CHAMBERS
PAUL WOOTEN, JJ.


2019-06635
 (Index No. 513630/17)

[*1]Nandie M. Johnson, plaintiff, 
v
New York City Housing Authority, respondent, et al., defendants, Ace Contracting, Inc., appellant.


Smith Mazure Director Wilkins Young & Yagerman, P.C., New York, NY (Cory P. Strauss of counsel), for appellant.
Lester Schwab Katz & Dwyer, LLP, New York, NY (John Sandercock of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendant Ace Contracting, Inc., appeals from an order of the Supreme Court, Kings County (Kathy J. King, J.), dated March 27, 2019. The order, insofar as appealed from, denied the motion of the defendant Ace Contracting, Inc., for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff allegedly was injured while walking in front of certain property when she was struck by a wooden plank or beam which fell from a structure which the plaintiff described as a scaffold. The plaintiff commenced this action to recover damages for personal injuries against, among others, the New York City Housing Authority (hereinafter NYCHA) and Ace Contracting, Inc. (hereinafter Ace). Thereafter, Ace moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against it. The Supreme Court denied the motion, with leave to renew at the close of discovery. Ace appeals, and we affirm.
Ace established its prima facie entitlement to judgment as a matter of law by submitting evidence that it did not perform any work in the area of the accident or involving the structure from which the plank or beam allegedly fell onto the plaintiff (see Ciaravino v Bulldog Natl. Logistics, LLC, 146 AD3d 925, 927; Wang v Barr & Barr, Inc., 127 AD3d 964). However, in opposition to Ace's prima facie showing, NYCHA demonstrated that discovery might lead to relevant evidence that would justify opposition to the motion (see CPLR 3212[f]; Pinella v Crescent St. Corp., 176 AD3d 985, 987; Rutherford v Brooklyn Navy Yard Dev. Corp., 174 AD3d 932, 933; Haxhijaj v Ferrer, 166 AD3d 592, 593). Accordingly, NYCHA demonstrated that summary judgment was premature.
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
SCHEINKMAN, P.J., BALKIN, CHAMBERS and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court