Tarasiuk v Levoritz (2023 NY Slip Op 02698)

Tarasiuk v Levoritz

2023 NY Slip Op 02698

Decided on May 17, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 17, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
PAUL WOOTEN
JOSEPH A. ZAYAS
LILLIAN WAN, JJ.

2020-03778
 (Index No. 509527/18)

[*1]Aliaksei Tarasiuk, appellant-respondent, 
v
Yonatan S. Levoritz, et al., respondents, RFR Realty, LLC, et al., respondents-appellants.

Aliaksei Tarasiuk, Brooklyn, NY, appellant-respondent pro se.
Cartafalsa, Turpin & Lenoff, New York, NY (Lesley Siskind of counsel), for respondents-appellants and respondents RFR Holding Corporation and RFR Holding, LLC.
Wilson Elser Moskowitz Edelman & Dicker LLP, White Plains, NY (Danielle S. Tauber of counsel), for respondent Law Office of Yonatan S. Levoritz, P.C., doing business as the Levoritz Law Group.
Rubin, Fiorella, Friedman & Mercante, LLP, New York, NY (Stewart B. Greenspan of counsel), for respondent Yonatan S. Levoritz.

DECISION & ORDER
In an action, inter alia, to recover damages for assault and battery, the plaintiff appeals, and the defendants RFR Realty, LLC, and 17 State Owners, LLC, cross-appeal, from an order of the Supreme Court, Kings County (Pamela L. Fisher, J.), dated May 6, 2020. The order, insofar as appealed from, granted the motion of the defendant Yonatan S. Levoritz for summary judgment dismissing the complaint insofar as asserted against him, granted the motion of the defendant Law Office of Yonatan S. Levoritz, P.C., doing business as the Levoritz Law Group, for summary judgment dismissing the complaint insofar as asserted against it, granted those branches of the motion of the defendants RFR Holding Corporation, RFR Holding, LLC, RFR Realty, LLC, and 17 State Owners, LLC, which were for summary judgment dismissing the complaint insofar as asserted against the defendants RFR Holding Corporation and RFR Holding, LLC, and denied, as academic, the plaintiff's cross-motion for summary judgment on the issue of liability on the cause of action to recover damages for assault and battery insofar as asserted against the defendants Yonatan S. Levoritz and Law Office of Yonatan S. Levoritz, P.C., doing business as the Levoritz Law Group. The order, insofar as cross-appealed from, denied those branches of the motion of the defendants RFR Holding Corporation, RFR Holding, LLC, RFR Realty, LLC, and 17 State Owners, LLC, which were for summary judgment dismissing the complaint insofar as asserted against the defendants RFR Realty, LLC, and 17 State Owners, LLC.
ORDERED that the order is modified, on the law, (1) by deleting the provision thereof granting the motion of the defendant Yonatan S. Levoritz for summary judgment dismissing the complaint insofar as asserted against him, and substituting therefor a provision denying the motion, and (2) by deleting the provision thereof denying, as academic, that branch of the plaintiff's [*2]cross-motion which was for summary judgment on the issue of liability on the cause of action to recover damages for assault and battery insofar as asserted against the defendant Yonatan S. Levoritz, and substituting therefor a provision granting that branch of the cross-motion; as so modified, the order is affirmed insofar as appealed and cross-appealed from, with one bill of costs to the plaintiff payable by the defendant Yonatan S. Levoritz, and one bill of costs to the defendant Law Office of Yonatan S. Levoritz, P.C., doing business as the Levoritz Law Group, payable by the plaintiff.
The plaintiff was a paralegal employed by the defendant Law Office of Yonatan S. Levoritz, P.C., doing business as the Levoritz Law Group (hereinafter the Levoritz Law Group), a law firm owned by the defendant Yonatan S. Levoritz. The Levoritz Law Group's office was located on the 40th floor of a building located at 17 State Street, Manhattan. The building was owned by the defendant 17 State Owners, LLC (hereinafter 17 State), and managed by the defendant RFR Realty, LLC (hereinafter RFR Realty).
On August 24, 2017, the plaintiff was terminated from his employment, and Levoritz directed the plaintiff to come to the office and pick up his belongings. When the plaintiff arrived at the office, he allegedly was confronted by Levoritz, who grabbed the plaintiff's wrists and pushed and shoved the plaintiff, causing the plaintiff to fall and sustain personal injuries.
In May 2018, the plaintiff commenced this action against RFR Holding Corporation and RFR Holding, LLC (hereinafter together the RFR Holding defendants), RFR Realty and 17 State (hereinafter collectively, with the RFR Holding defendants, the building defendants), the Levoritz Law Group, and Levoritz, inter alia, to recover damages for assault and battery. In July 2018, the plaintiff was awarded workers' compensation benefits for a work-related injury that he suffered as a result of the subject incident.
Before the completion of discovery, Levoritz and the Levoritz Law Group separately moved for summary judgment dismissing the complaint insofar as asserted against each of them on the ground that all claims against them were barred by the exclusivity provision of the Workers' Compensation Law. The plaintiff cross-moved for summary judgment on the issue of liability on the cause of action to recover damages for assault and battery insofar as asserted against Levoritz and the Levoritz Law Group. The building defendants also moved for summary judgment dismissing the complaint insofar as asserted against them.
By order dated May 6, 2020, the Supreme Court granted the separate motions of Levoritz and the Levoritz Law Group, determining that the plaintiff's claims against each of them were barred by Workers' Compensation Law § 29, and denied the plaintiff's cross-motion as academic. The court granted those branches of the motion of the building defendants which were for summary judgment dismissing the complaint insofar as asserted against the RFR Holding defendants, and denied those branches of the motion which were for summary judgment dismissing the complaint insofar as asserted against RFR Realty and 17 State on the ground it was premature.
The plaintiff appeals, and RFR Realty and 17 State cross-appeal.
The Supreme Court properly granted the motion of the Levoritz Law Group for summary judgment dismissing the complaint insofar as asserted against it. It is undisputed that the plaintiff applied for, and received, workers' compensation benefits in connection with the subject incident. By accepting the award of workers' compensation benefits, the plaintiff forfeited the right to maintain an action at law against his employer on the theory of intentional tort (see Workers' Compensation Law § 29[6]; O'Connor v Midiria, 55 NY2d 538, 539-540; Orzechowski v Warner-Lambert Co., 92 AD2d 110, 117).
In light of our determination that the Levoritz Law Group's motion for summary judgment dismissing the complaint insofar as asserted against it was properly granted, the Supreme Court properly denied, as academic, that branch of the plaintiff's cross-motion which was for summary judgment on the issue of liability on the cause of action to recover damages for assault and [*3]battery insofar as asserted against the Levoritz Law Group (see Bank of N.Y. Mellon v Greene, 210 AD3d 1042).
The Supreme Court, however, erred in granting Levoritz's motion for summary judgment dismissing the complaint insofar as asserted against him. Contrary to Levoritz's contention, Workers' Compensation Law § 29 does not bar an employee who has accepted workers' compensation benefits from suing a coemployee who has committed an intentional assault against him or her (see Hanford v Plaza Packaging Corp., 2 NY3d 348, 351; Maines v Cronomer Val. Fire Dept., 50 NY2d 535, 543-544). Additionally, Levoritz failed to establish, prima facie, that he was acting within the scope of his employment at the time of the incident, and was not engaged in a willful or intentional tort (see Guida v Rivera Investigations, Inc., 207 AD3d 1110, 1112; Shumway v Kelley, 60 AD3d 1457, 1458).
The Supreme Court should have granted that branch of the plaintiff's cross-motion which was for summary judgment on the issue of liability on the cause of action to recover damages for assault and battery insofar as asserted against Levoritz. The plaintiff established his prima facie entitlement to judgment as a matter of law on the issue of liability on the cause of action to recover damages for assault and battery by showing, through the submission of his affidavit, that there was bodily contact, that the contact was offensive, that Levoritz intended to make the contact without the plaintiff's consent, and that Levoritz placed the plaintiff in "imminent apprehension of harmful contact" (Bastein v Sotto, 299 AD2d 432, 433; cf. Gabriel v Scheriff, 115 AD3d 791, 792). In opposition, Levoritz failed to raise a triable issue of fact.
The Supreme Court properly granted those branches of the motion of the building defendants which were for summary judgment dismissing the complaint insofar as asserted against the RFR Holding defendants. While "[l]andlords have a 'common-law duty to take minimal precautions to protect tenants from foreseeable harm,' including a third party's foreseeable criminal conduct" (Burgos v Aqueduct Realty Corp., 92 NY2d 544, 548, quoting Jacqueline S. v City of New York, 81 NY2d 288, 293-294; see Scurry v New York City Hous. Auth., 193 AD3d 1, 5), the building defendants established, prima facie, that the RFR Holding defendants did not own or occupy the premises (see Tahmisyan v City of New York, 295 AD2d 600, 600-601). In opposition, the plaintiff failed to raise a triable issue of fact.
The Supreme Court properly denied those branches of motion of the building defendants which were for summary judgment dismissing the complaint insofar as asserted against RFR Realty and 17 State on the ground it was premature. "A party who contends that a summary judgment motion is premature is required to demonstrate that discovery might lead to relevant evidence or the facts essential to justify opposition to the motion were exclusively within the knowledge and control of the movant" (Cajas-Romero v Ward, 106 AD3d 850, 852; see Yiming Zhou v 828 Hamilton, Inc., 173 AD3d 943, 944). "The mere hope that additional discovery may lead to sufficient evidence to defeat a summary judgment motion is insufficient to deny such a motion" (Singh v New York City Hous. Auth., 177 AD3d 475, 476; see Cenlar FSB v Tenenbaum, 172 AD3d 806, 807). Here, the plaintiff demonstrated that discovery might lead to relevant evidence that would justify opposition to those branches of the motion (see Johnson v New York City Hous. Auth., 185 AD3d 800, 801; Pinella v Crescent St. Corp., 176 AD3d 985, 987; Rutherford v Brooklyn Navy Yard Dev. Corp., 174 AD3d 932, 933).
CONNOLLY, J.P., WOOTEN, ZAYAS and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court