Espinosa v Covington (2023 NY Slip Op 03338)

Espinosa v Covington

2023 NY Slip Op 03338

Decided on June 21, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 21, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
VALERIE BRATHWAITE NELSON
DEBORAH A. DOWLING
BARRY E. WARHIT, JJ.

2021-03982
 (Index No. 515214/18)

[*1]Ingrid Espinosa, respondent,
v
Willie K. Covington, et al., appellants, et al., defendant.

Morris Duffy Alonso Faley & Pitcoff, New York, NY (Iryna S. Krauchanka and Andrea M. Alonso of counsel), for appellants.
Subin Associates, LLP (Robert J. Eisen and Pollack Pollack Isaac & DeCicco, LLP, New York, NY [Joshua B. Block], of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendants Willie K. Covington and Maggies Paratransit Corp. appeal from an order of the Supreme Court, Kings County (Wavny Toussaint, J.), dated May 12, 2021. The order denied those defendants' motion for summary judgment dismissing the complaint and all cross-claims insofar as asserted against them.
ORDERED that the order is reversed, on the law, with costs, and the motion of the defendants Willie K. Covington and Maggies Paratransit Corp. for summary judgment dismissing the complaint and all cross-claims insofar as asserted against them is granted.
On June 27, 2017, the plaintiff was a passenger in an Access-A-Ride vehicle operated by the defendant Willie K. Covington and owned by the defendant Maggies Paratransit Corp., when it was struck in the rear by a vehicle operated by the defendant Olayemi Ogungbe. Covington testified at his deposition that, as a result of this impact, he lost control of the Access-A-Ride vehicle and came into contact with two parked vehicles. The plaintiff subsequently commenced this action against Covington, Maggies Paratransit Corp., and Ogungbe to recover damages for personal injuries allegedly sustained in the accident. After the completion of discovery, the defendants Covington and Maggies Paratransit Corp. (hereinafter together the defendants) moved for summary judgment dismissing the complaint and all cross-claims insofar as asserted against them, contending that Ogungbe's negligent operation of his vehicle was the sole proximate cause of the accident. The plaintiff opposed the defendants' motion, but Ogungbe did not. In an order dated May 12, 2021, the Supreme Court denied the defendants' motion. The defendants appeal, and we reverse.
"A defendant moving for summary judgment in a negligence action has the burden of establishing, prima facie, that he or she was not at fault in the happening of the accident" (Reyes v Doronin, 208 AD3d 699, 699). "A driver of a vehicle approaching another vehicle from the rear is required to maintain a reasonably safe distance and rate of speed under the prevailing conditions to avoid colliding with the other vehicle" (Nsiah-Ababio v Hunter, 78 AD3d 672, 672; see Vehicle and Traffic Law § 1129[a]; Newfeld v Midwood Ambulance & Oxygen Serv., Inc., 204 AD3d 813, 814). Thus, "[a] rear-end collision with a stopped or stopping vehicle creates a prima facie case of [*2]negligence with respect to the operator of the rearmost vehicle, thereby requiring that operator to rebut the inference of negligence by providing a non-negligent explanation for the collision" (Edgerton v City of New York, 160 AD3d 809, 810; see Grier-Key v Lyons, 195 AD3d 798, 799).
Here, the evidence submitted by the defendants in support of their motion, including the deposition testimony of the parties and video footage of the accident depicting the impact between Ogungbe's vehicle and the Access-A-Ride vehicle, demonstrated, prima facie, that Ogungbe's vehicle struck the Access-A-Ride vehicle in the rear, and that Ogungbe's negligent operation of his vehicle was the sole proximate cause of the accident (see Edgerton v City of New York, 160 AD3d at 810; Fonteboa v Nugget Cab Corp., 123 AD3d 759). To the extent the Supreme Court examined the admissibility of the video footage submitted by the defendants in support of their motion, this was improper, since the plaintiff did not raise that issue in her opposition to the defendants' motion (see Misicki v Caradonna, 12 NY3d 511, 519; Romanelli v Jones, 179 AD3d 851, 857; Bank of N.Y. Mellon v Gordon, 171 AD3d 197, 202; Patel v Sharma, 168 AD3d 966, 967; Santiago v Rodriguez, 38 AD3d 639). Further, in opposition to the motion, the plaintiff failed to raise a triable issue of fact.
Accordingly, the Supreme Court should have granted the defendants' motion for summary judgment dismissing the complaint and all cross-claims insofar as asserted against them.
BARROS, J.P., BRATHWAITE NELSON, DOWLING and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court