Sarceno v Manhattan View, LLC (2024 NY Slip Op 04409)

Sarceno v Manhattan View, LLC

2024 NY Slip Op 04409

Decided on September 11, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 11, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
PAUL WOOTEN
BARRY E. WARHIT
LOURDES M. VENTURA, JJ.

2021-05603
 (Index No. 516016/18)

[*1]Wilmer Sarceno, respondent, 
v
Manhattan View, LLC, et al., defendants, MiMA Tower Associates, LLC, appellant.

London Fischer LLP, New York, NY (Myra Needleman, Stephenie Lannigan Bross, and Jason A. Ciluffo of counsel), for appellant.
The Garcia Law Firm (Kenneth J. Gorman, New York, NY, of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendant MiMA Tower Associates, LLC, appeals from an order of the Supreme Court, Kings County (Mark I. Partnow, J.), dated June 24, 2021. The order, insofar as appealed from, denied that branch of that defendant's motion which was for summary judgment dismissing the complaint insofar as asserted against it and granted the plaintiff's cross-motion for leave to amend the complaint to add The Related Companies, L.P., and 42nd and 10th Associates, LLC, as defendants.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff commenced this action against, among others, the defendant MiMA Tower Associates, LLC (hereinafter MiMA), to recover damages for personal injuries he allegedly sustained in June 2016 while performing demolition work at premises located in Manhattan. The complaint asserted causes of action sounding in common-law negligence and violations of Labor Law §§ 200, 240, and 241. Prior to the completion of discovery, MiMA moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against it. The plaintiff opposed the motion on the ground that summary judgment was premature and cross-moved for leave to amend the complaint to add The Related Companies, L.P. (hereinafter The Related Companies), and 42nd and 10th Associates, LLC (hereinafter 42nd and 10th Associates), the alleged landlord of the subject property, as defendants. In an order dated June 24, 2021, the Supreme Court, among other things, denied that branch of MiMA's motion which was for summary judgment dismissing the complaint insofar as asserted against it, without prejudice to renew upon the completion of discovery, and granted the plaintiff's cross-motion for leave to amend the complaint. MiMA appeals.
Contrary to MiMA's contention, the Supreme Court properly denied that branch of its motion which was for summary judgment dismissing the complaint insofar as asserted against it, without prejudice to renew upon the completion of discovery. "A party who contends that a summary judgment motion is premature is required to demonstrate that discovery might lead to relevant evidence or the facts essential to justify opposition to the motion were exclusively within the knowledge and control of the movant" (Cajas-Romero v Ward, 106 AD3d 850, 852; see Tarasiuk [*2]v Levoritz, 216 AD3d 1031, 1035). "The mere hope or speculation that evidence sufficient to defeat a motion for summary judgment may be uncovered during the discovery process is insufficient to deny the motion" (Haidhaqi v Metropolitan Transp. Auth., 153 AD3d 1328, 1329; see Cenlar FSB v Tenenbaum, 172 AD3d 806, 807). Here, the plaintiff demonstrated that discovery might lead to relevant evidence that would justify opposition to that branch of MiMA's motion which was for summary judgment dismissing the complaint insofar as asserted against it (see Tarasiuk v Levoritz, 216 AD3d at 1035; Johnson v New York City Hous. Auth., 185 AD3d 800, 801).
The plaintiff sought leave to amend the complaint to add The Related Companies and 42nd and 10th Associates as defendants pursuant to the relation-back doctrine (see Buran v Coupal, 87 NY2d 173, 177; Leung v Port Auth. of N.Y. & N.J., 204 AD3d 654, 655). "The relation-back doctrine allows a party to be added to an action after the expiration of the statute of limitations, and the claim is deemed timely interposed, if (1) the claim arises out of the same conduct, transaction, or occurrence, (2) the additional party is united in interest with the original party, and (3) the additional party knew or should have known that but for a mistake by the plaintiff as to the identity of the proper parties, the action would have been brought against the additional party as well" (Bumpus v New York City Tr. Auth., 66 AD3d 26, 35; see Leung v Port Auth. of N.Y. & N.J., 204 AD3d at 655). "The 'linchpin' of the relation-back doctrine is whether the new defendant had notice within the applicable limitations period" (Alvarado v Beth Israel Med. Ctr., 60 AD3d 981, 982; see Buran v Coupal, 87 NY2d at 180; Uddin v A.T.A. Constr. Corp., 164 AD3d 1400, 1401).
Here, MiMA does not dispute that the first and third prongs of the relation-back doctrine were established. The plaintiff also established the second prong of the relation-back doctrine, i.e., that MiMA is united in interest with The Related Companies and 42nd and 10th Associates. The plaintiff's submissions sufficiently demonstrated that, under the particular circumstances presented, MiMA, The Related Companies, and 42nd and 10th Associates, "'intentionally or not, often blurred the distinction between them'" (Uddin v A.T.A. Constr. Corp., 164 AD3d at 1401, quoting Donovan v All-Weld Prods. Corp., 34 AD3d 257, 257; see Wilson v Rye Family Realty, LLC, 218 AD3d 836). Accordingly, the Supreme Court properly granted the plaintiff's cross-motion for leave to amend the complaint to add The Related Companies and 42nd and 10th Associates as defendants.
The plaintiff's remaining contention is without merit.
BARROS, J.P., WOOTEN, WARHIT and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court