Nelson v Hamlet (2025 NY Slip Op 04012)

Nelson v Hamlet

2025 NY Slip Op 04012

Decided on July 2, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 2, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
ROBERT J. MILLER
LILLIAN WAN
PHILLIP HOM, JJ.

2023-09119
 (Index No. 505943/22)

[*1]Leon Anthony Nelson, appellant, 
v
Desean Max Ajani Hamlet, Jr., et al., respondents.

Gambone Law Group, PLLC (Mitchell Dranow, Sea Cliff, NY, of counsel), for appellant.
John Trop (Sweetbaum & Sweetbaum, Lake Success, NY, Joel A. Sweetbaum, of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Joy F. Campanelli, J.), dated July 19, 2023. The order granted the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this action to recover damages for personal injuries that he allegedly sustained when a vehicle he was operating struck the rear end of a vehicle owned by the defendant Joanna Clinton and operated by the defendant Desean Max Ajani Hamlet, Jr. The defendants moved for summary judgment dismissing the complaint, contending that Hamlet was not negligent in the happening of the accident. By order dated July 19, 2023, the Supreme Court granted the motion. The plaintiff appeals.
"As there can be more than one proximate cause of an accident, a defendant driver moving for summary judgment in a negligence action has the burden of establishing, prima facie, that he or she was not at fault in the happening of the subject accident" (Tsarenkov v Rosenbaum, 231 AD3d 1184, 1184-1185 [internal quotation marks omitted]; see Waters v Saha, 228 AD3d 703, 704).
Here, the defendants established their prima facie entitlement to judgment as a matter of law dismissing the complaint by demonstrating that their vehicle was slowing or stopped for traffic conditions when it was struck in the rear by the plaintiff's vehicle and that the plaintiff's negligent operation of his vehicle was the sole proximate cause of the accident (see Fischetti v Simonovsky, 227 AD3d 670, 671; Espinosa v Covington, 217 AD3d 842, 843; Edgerton v City of New York, 160 AD3d 809, 811). In opposition, the plaintiff failed to raise a triable issue of fact (see Lopez v Dobbins, 164 AD3d 776, 777-778; Edgerton v City of New York, 160 AD3d at 811; Comas-Bourne v City of New York, 146 AD3d 855, 856).
Accordingly, the Supreme Court properly granted the defendants' motion for [*2]summary judgment dismissing the complaint.
CHAMBERS, J.P., MILLER, WAN and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court