DiMiceli v Credit Shelter Trust

2026 NY Slip Op 02391

April 22, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

John DiMiceli, appellant-respondent,

v

Credit Shelter Trust, et al., defendants-respondents, Skanska USA, Inc., defendant-respondent-appellant, et al., defendants.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on April 22, 2026

2023-09829, 2024-03731, (Index No. 502741/18)

Mark C. Dillon, J.P.

Cheryl E. Chambers

Lillian Wan

James P. McCormack, JJ.

Lucciola Law Group (Horn Appellate Group, Brooklyn, NY [Scott T. Horn and Christen Giannaros], of counsel), for appellant-respondent.

Armienti, DeBellis & Rhoden, LLP (Mauro Lilling Naparty LLP, Woodbury, NY [Kathryn M. Beer and Glenn A. Kaminska], of counsel), for defendant-respondent-appellant.

Goldberg Segalla, LLP, White Plains, NY (William T. O'Connell of counsel), for defendants-respondents.

[*1]

DECISION & ORDER

In an action to recover damages for personal injuries, (1) the plaintiff appeals, and the defendant Skanska USA, Inc., cross-appeals, from an order of the Supreme Court, Kings County (Devin P. Cohen, J.), dated July 14, 2023, and (2) the plaintiff appeals from an order of the same court dated December 21, 2023. The order dated July 14, 2023, insofar as appealed from, denied that branch of the plaintiff's motion which was for leave to amend the complaint to add Skanska Civil Northeast, Inc., as a defendant. The order dated July 14, 2023, insofar as cross-appealed, denied that branch of the renewed cross-motion of the defendant Skanska USA, Inc., which was for summary judgment dismissing the complaint insofar as asserted against it. The order dated December 21, 2023, insofar as appealed from, denied that branch of the plaintiff's motion which was for leave to renew that branch of his prior motion which was for leave to amend the complaint to add Skanska Civil Northeast, Inc., as a defendant.

ORDERED that the order dated July 14, 2023, is affirmed insofar as appealed and cross-appealed from, without costs or disbursements; and it is further,

ORDERED that the order dated December 21, 2023, is affirmed insofar as appealed from, without costs or disbursements.

In August 2015, the plaintiff allegedly was injured while working at a construction project. In 2018, he commenced this action to recover damages for personal injuries against, among others, Skanska USA, Inc. (hereinafter Skanska USA).

In 2022, the plaintiff moved, inter alia, for leave to amend the complaint to add [*2]Skanska Civil Northeast, Inc. (hereinafter Skanska Northeast), as a defendant. Skanska USA opposed the plaintiff's motion and made a renewed cross-motion, among other things, for summary judgment dismissing the complaint insofar as asserted against it. The plaintiff opposed the renewed cross-motion. In an order dated July 14, 2023, the Supreme Court denied the plaintiff's motion and Skanska USA's renewed cross-motion. The plaintiff appeals, and Skanska USA cross-appeals, from the order dated July 14, 2023.

Thereafter, the plaintiff moved, inter alia, for leave to renew that branch of his prior motion which was for leave to amend the complaint to add Skanska Northeast as a defendant. Skanska USA opposed the motion. In an order dated December 21, 2023, the Supreme Court, among other things, denied that branch of the plaintiff's motion. The plaintiff appeals from the order dated December 21, 2023.

The Supreme Court properly denied that branch of the plaintiff's motion which was for leave to amend the complaint to add Skanska Northeast as a defendant. In seeking to add Skanska Northeast as a defendant, the plaintiff relied on the relation-back doctrine. "[T]he relation-back doctrine permits, under certain defined circumstances, the commencement of claims against a party that has not been timely sued, but which relate back to the original timely complaint" (Bisono v Mist Enters., Inc., 231 AD3d 134, 141). A plaintiff must establish all three prongs of a three-part test for the addition of untimely claims or parties (see Buran v Coupal, 87 NY2d 173, 178). "The first prong is that the new claims arise out of the same conduct, transaction, or occurrence as that alleged in the original complaint" (Bisono v Mist Enters., Inc., 231 AD3d at 141). "Second, if a new party is to be added, it must be united in interest with one or more of the original defendants, and by reason of that relationship can be charged with such notice of the institution of the action that he or she will not be prejudiced in defending the action on the merits" (id.). "Third, if a new party is to be added, the newly-added defendant must have known, or should have known, that the action would have been timely commenced against him or her but for a mistake by the plaintiff as to the identity of the proper parties" (id.).

The plaintiff failed to establish that Skanska Northeast and Skanska USA were united in interest. "Parties are united in interest when their interests in the subject matter is such that they will stand or fall together with respect to the plaintiff's claim. If the relationship between the parties is such that one may have a defense not available to the other, they are not united in interest" (Ragusa v Drazie's Farm II, LLC, 226 AD3d 836, 837-838 [citation and internal quotation marks omitted]). Here, the record demonstrated that Skanska USA and Skanska Northeast are separate corporations with different defenses (see id. at 838).

Further, the Supreme Court properly denied that branch of the plaintiff's motion which was for leave to renew that branch of his prior motion which was for leave to amend the complaint to add Skanska Northeast as a defendant. A motion for leave to renew must be identified specifically as such, must be based on new facts not offered on the prior motion that would change the prior determination or must demonstrate that there has been a change in the law that would change the prior determination, and must contain reasonable justification for the failure to present such facts on the prior motion (see CPLR 2221[e][1], [2], [3]). Here, the plaintiff failed to demonstrate that the purported new facts would change the prior determination denying that branch of the plaintiff's motion which was for leave to amend the complaint to add Skanska Northeast as a defendant based on the relation-back doctrine.

The Supreme Court properly denied that branch of Skanska USA's renewed cross-motion which was for summary judgment dismissing the complaint insofar as asserted against it. "A party who contends that a summary judgment motion is premature is required to demonstrate that discovery might lead to relevant evidence or the facts essential to justify opposition to the motion were exclusively within the knowledge and control of the movant" (Cajas-Romero v Ward, 106 AD3d 850, 852; see Tarasiuk v Levoritz, 216 AD3d 1031, 1035). "The mere hope or speculation that evidence sufficient to defeat a motion for summary judgment may be uncovered during the discovery process is insufficient to deny the motion" (Haidhaqi v Metropolitan Transp. Auth., 153 AD3d 1328, 1329; see Cenlar FSB v Tenenbaum, 172 AD3d 806, 807). Here, based on certain [*3]materials in the record that Skanska USA had disseminated to the public, the plaintiff demonstrated that discovery might lead to relevant evidence, which would justify opposition to that branch of Skanska USA's renewed cross-motion for summary judgment dismissing the complaint insofar as asserted against it (see Sarceno v Manhattan View, LLC, 230 AD3d 1176, 1177; Tarasiuk v Levoritz, 216 AD3d at 1035).

The parties' remaining contentions are either not properly before us or without merit.

Accordingly, we affirm the orders insofar as challenged on the appeals and cross-appeal.

DILLON, J.P., CHAMBERS, WAN and MCCORMACK, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court